CAROLINE A. STEWART, Appellant, *v.* GEORGE CRYSLER et al., Respondents.

Where lands of a non-resident of the county are occupied by a resident of the town wherein they are situated, they must be assessed to the occupant; they may not lawfully be assessed either to the owner or as non-resident lands, and such an assessment is void. (1 R. S. 389, §§ 2, 3, as amended by chap. 176, Laws of 1851, and by chap. 152, Laws of 1878.)

By the charter of the city of Syracuse (Chap. 500, Laws of 1868), it is provided that the assessors shall perform all the duties and possess all the powers of assessors in the different towns of the State. By the act in reference to the assessment and collection of taxes in the county of Onondaga (§ 10, chap. 858, Laws of 1867), the county treasurer's deed for land sold for unpaid taxes is made presumptive evidence that all proceedings prior to the sale were regular. Lands of plaintiff in said city were valued against him by name and as owner, in that part of an assessment-roll devoted to non-resident lands. Plaintiff was a non-resident of the county, and the lands were occupied by a resident of the city. The lands were sold by the county treasurer for non-payment of the tax, and a deed thereof executed by him to defendants, the purchasers, which deed was duly recorded. In an action to set aside the deed as a cloud on plaintiff's title, *held*, that the assessment and sale were illegal and void, and the deed invalid; but that as the deed was *prima facie* evidence of the regularity of the proceedings, the action was maintainable; also, that it was no defense that the time of redemption had not expired, and plaintiff might have redeemed, or that under the general act (Chap. 427, Laws of 1855), notice to the occupant to redeem, and the record of the official certificate of non-redemption are essential to the validity of the deed; that she was not bound to redeem from a void assessment, and conceding the general act to be applicable in Onondaga county, still as the burden was imposed upon the owner of showing the invalidity of the deed, there was a cloud upon his title.

*Jackson* v. *Esty* (7 Wend. 148); *Bush* v. *Davison* (16 id. 550); *Lucas* v. *McEnerna* (19 Hun, 14), distinguished.

(Argued October 7, 1885; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to set aside, as a cloud on plaintiff's title, a tax deed of the county treasurer of the county of Onondaga to defendants of certain lands situate in the city of Syracuse.

The material facts are stated in the opinion.

*John P. Hunt* for appellant. The assessment made of plaintiff's lands is void. (2 Laws of 1868, 1034; 1 R. S. [6th ed.], 934, §§ 2, 3; id. 936, §§ 11, 12, 13; *Hilton* v. *Fonda*, 86 N. Y. 347; 1 R. S. [Banks' 6th ed.] 958, § 49; *Whitney* v. *Thomas*, 23 N. Y. 283; *Newman* v. *Supervisors*, 45 id. 679; *N. Y. & H. R. R. Co.* v. *Lyon*, 16 Barb. 651.) The statute was not complied with as to the notice of hearing of objections, it being only published on seven days. (2 Laws of 1868, 1038; *Bunce* v. *Reed*, 16 Barb. 347; *Howard* v. *Hatch*, 29 id. 297.) The non-publication of notice to redeem invalidated defendants' tax deed. (*Thompson* v. *Burhans*, 61 N. Y. 53; *Hilton* v. *Bender*, 69 id. 81.) The State laws being made a part of the Onondaga act are applicable. (*People* v. *Smith*, 69 N. Y. 175; *Whitney* v. *Thomas*, 23 id. 283; *Clark* v. *Davenport*, 95 id. 482; 98 id. 127; *Crook* v. *Andrews*, 40 id. 547; *Scott* v. *Onderdonk*, 14 id. 9; *Boyle* v. *City of Brooklyn*, 71 id. 5; *Rumsey* v. *City of Buffalo*, 97 id. 114.)

*Homer Weston* for respondents. A void deed is not a cloud, and there can be no action in equity to remove it. (*Cox* v. *Clift*, 2 N. Y. 118.) It not appearing upon the face of the deed that notice to redeem was published, and the proof of service upon the occupants not being recorded therewith, the deed would be open to these objections in any proceedings the defendants might take to obtain possession of the property; and such would be the rule even in summary proceedings. (*People* v. *Howlett*, 76 N. Y. 574.) Where a defect would be developed in the proceedings to acquire possession, equity will not sustain an action to remove the deed as a cloud. (*Clark* v. *Davenport*, 95 N. Y. 477; *Guest* v. *City of Brooklyn*, 69 id. 506.) The failure of the tax-title owner to produce the

treasurer's certificate that the occupant had not redeemed pursuant to notice would prevent recovery. Laws of 1885, chap. 427, § 73; *Stewart* v. *Crysler*, 21 Hun, 287.) When this action was commenced, the two years allowed the purchaser to serve the occupant with notice had not expired, hence the deed was inoperative as a conveyance, passing no title, and not sufficiently perfected to be a cloud. (Laws of 1855, chap. 427, § 68; *Comstock* v. *Beardsley*, 15 Wend. 348; *Bush* v. *Davison*, 16 id. 550; *Sanders* v. *Yonkers*, 63 N. Y. 489.) The deed is not evidence of the proceedings subsequent thereto. (Laws of 1867, chap. 858, § 10.) Notwithstanding the deed, the plaintiff's right of redemption was perfect under the statute, and the treasurer's receipt proof thereof in any proceeding to acquire possession. (Laws of 1855, chap. 427, §§ 74, 75.) The defect specifically alleged in the complaint, failure to publish the redemption notice, and the alleged defect proved under the general allegation, failure to serve the occupant's notice, misdescription in the *Courier*, assessment to owners by name, assessors' published notice of revision, the return of the city to the county treasurer, are not defects outside of the record of the proceeding in the sale of the property for non-payment of the tax requiring proof by extrinsic evidence. (Blackw. Tax Titles [1st ed.], 598; *Hilton* v. *Bender*, 69 N.Y. 75.) Plaintiff's proof and theory of this case disclose for her an adequate remedy at law, and her right of redemption was still perfect, and hence she had no occasion to come into court for relief, and the complaint was properly dismissed. (Laws of 1855, chap. 427, §§ 68, 74.) There being a provision in the act of 1867 on the subject of redemption, the general law requiring publication of notice does not apply, but it is abrogated by the later statute, with repealing clause. (*People* v. *City of Brooklyn*, 69 N. Y. 605; *People* v. *Smith*, id. 177.) The fact that the legislature made selections from sections 22 to 83 of such parts of the general law as fit into and fill out a complete system for Onondaga county shows considerate provision in detail, and the intentional omission of section 61 on the part

of the legislature. (*Excelsior Petroleum Co.* v. *Lacy*, 63 N. Y. 425.) The legislature did not intend that a six-months' notice should be given to the occupant, or that the evidence of the service of such notice be recorded with the deed. The requirements of section 68 are clearly inconsistent with the Onondaga system. (69 N. Y. 177, 605.) The putting of the land in the non-resident part of the roll and assessing it against the owners by name is in accordance with the Revised Statutes, the land being occupied by a person other than the owner. (Banks' Stat. [6th ed.] 934, § 2; *Van Rensselaer* v *Cottrell*, 7 Barb. 127; *Johnson* v. *Learn*, 30 Barb. 616.) The assessment is in exact compliance with the requirements of the Syracuse charter. (2 Laws of 1868, 1033, chap. 500, § 22.) The system of Onondaga county makes no distinction in the collection of taxes between residents and non-residents, and for non-payment the lands of each are sold at the same time. (2 Laws of 1868, 1033, chap. 500, § 19.) The sum assessed becomes a lien on the real estate when the roll is filed with the city clerk, and is first collectible out of goods or chattels in Syracuse or Onondaga county. (2 Laws of 1868, 1037, chap. 500, § 2.) Under the statute no error in the name of the owner or occupant invalidates the assessment. (*Odell* v. *Odell*, 21 Weekly Dig. 90.) The fact that the notices for correction of errors were published as prescribed by statute. (*Anonymous*, 2 Hill, 375, note *b*.) Without the word "successive," or of like meaning, in connection with "day" the legislature intended a reasonable notice should be given for objections or correction of errors; and in any view it was a substantial compliance with the statute. (*Coleman* v. *Shattuck*, 62 N. Y. 364; *Watkins* v. *Inge*, 24 Kans. 616; *State* v. *N. B. M. Co.*, 15 Nev. 388.) Plaintiff was not misled, for she knew the tax was not paid. (*Wehle* v. *Conner*, 69 N. Y. 552; *Watkins* v. *Inge*, 24 Kans. 616.) The whole provision as to re-assessment is simply a direction to the assessors; and the manner and time are largely within their discretion. (*People* v. *Allen*, 6 Wend. 486, *Parish* v. *Golden*, 35 N. Y. 462; *Alcott* v. *Robinson*,

21 id. 154.)   The city treasurer and tax receiver is not required
to make a certified return to the county treasurer.   (2 Laws of
1868, 1039, § 3.)   The return is simply for the convenience of
the treasurers in settling their accounts, and hence the form or
manner thereof is not material.   (2 Laws of 1868, 1038–39,
chap. 500, § 3; *Bradley* v. *Wood*, 58 N. Y. 401.)   The *Courier*
publication was not erroneous so as to mislead.   It was covered
by the section 34 of the General Laws; under the special law
it was covered by the deed.   (*Stewart* v. *Crysler*, 21 Hun,
287.)   Upon the whole case, in view of the evidence and the
allegations of the complaint, plaintiff was not entitled to
recover.   (*Lehman* v. *Robert*, 86 N. Y. 239 ; *Globe Mut.
Life Ins. Co.* v. *Reals*, 79 id. 202.)   Where the tax is rightly
and justly laid under the existing laws, equity will not remove
its lien without payment.   (*Heywood* v. *Buffalo*, 14 N. Y.
542.)   Weighing the whole evidence in the scale of substantial
compliance with the statutes, the plaintiff has not been harmed
by the so-called irregularities, and the trial court was right in
dismissing the complaint.   (*Sharpleigh* v. *Surdam*, 1 Flipp.
Cir. Ct. 486 ; *De Treville* v. *Smalls*, 98 U. S. 525 ; *Kelly* v.
*Sanders*, 99 id. 441 ; *Hubbard* v. *Windsor*, 15 Mich. 146 ;
*Gow* v. *Tidrick*, 48 Iowa, 284; *Coleman* v. *Shattuck*, 62 N.
Y. 348.)

FINCH, J. The duty of assessors in subjecting real estate to
taxation is prescribed by the statute, which carefully bounds.
and restricts their jurisdiction.   (2 R. S. [7th ed.] 989, §§ 1, 2,
3.)   Before the amendment of 1878 (Chap. 152), the proper
construction of the enactment had been determined in this
court.   (*Buff. & State Line R. R. Co.* v. *Supervisors of
Erie Co.*, 48 N. Y. 101.)   It was ruled that when the owner
and occupant both reside in the town where the land is situated
it may be assessed to either ; where the owner does not reside
in the town but there is an occupant who does, it must be
assessed to the occupant ; and when neither of them reside in
the town, it must be assessed as non-resident land.   The statute
as amended passed under· our review in *Hilton* v. *Fonda* (86

N. Y. 346). The result of that review was stated to be " that the assessors of a town have no power by law to assess lands, though lying in their town, to one who is not a resident of that town or of their county;" nor does the jurisdiction of the assessors to value the lands for the purpose of a tax draw to them " such further or other power as that an unlawful act of assessing them to a person, who, though the owner, was not a resident of the town or county, nor an actual occupant of the lands, can be excused as an erroneous exercise of power." Such is the rule under the general statute. The county of Onondaga has a tax system in many respects peculiar to itself and differing in numerous details from that prescribed for the State at large. (2 Laws of 1867, p. 2156, chap. 858.) But the changes begin at that point in the ordinary process where the work of the assessors is ended, and the tax-rolls have been delivered to the collector. By the terms of section 12 the general laws of the State in relation to the assessment and collection of taxes are made applicable where the Onondaga act makes no specific provision. And in the charter of the city of Syracuse as amended, (2 Laws of 1868, 1034), it is provided as to assessors that they shall perform all the duties, and possess all the powers conferred upon assessors in the different towns of the State, and be subject to all their obligations. So that, in determining the fundamental question in this case, whether the assessment sought to be canceled is valid or void, we must be governed by the general law applicable to the State at large.

It is proven in this case that the plaintiff is the owner of the land assessed, and is a non-resident of the State; that the land was actually occupied by one Savage, who resided in the town, using the lot in question for the storage of lumber. It follows that the sole jurisdiction of the assessors was to value the land against the resident occupant and so initiate a charge upon him personally. They had no jurisdiction to value the lands as against the owner, since he was a non-resident, nor could they be assessed as non-resident lands since they were not unoccupied. (2 R. S. [7th ed.] 989, § 3.) Now, no assessment was made against the occupant which alone was lawful. On the

contrary, the lands were valued against the plaintiff by name and as owner, and so a charge upon her personally was initiated. It is true that such assessment appears in the part of the roll devoted to non-resident lands, but that cannot alter the legal effect of the assessment as establishing a personal charge. By the city charter the warrant to the collector commands him " to collect from the several persons *named* in the assessment-rolls the several sums mentioned in the last column opposite their respective names." Wherever in the roll there is a name with a tax opposite, that tax becomes a charge against that person, which the officer must collect of him if possible. The same mode of assessment appeared in *Johnson* v. *Learn,* (30 Barb. 618), and, while the general doctrine of that case has been made inapplicable by later amendments and decisions, its reasoning as to the effect of naming the person assessed appears to be sound. But in any event the lot here assessed could not be lawfully assessed either to the plaintiff, or as lands of a non-resident, and the assessment was equally void whichever construction should be adopted.

There was thus a void assessment against the lands of the plaintiff. The case shows a sale for non-payment of the taxes ; a purchase by the defendants ; the execution and delivery of a deed from the county treasurer of Onondaga county to them ; and the record of such deed in the proper clerk's office. In that condition of affairs this action was brought in equity to set aside and cancel the tax deed as a cloud upon the plaintiff's title. The respondents further contend that the action cannot be maintained because, upon the plaintiff's own theory, the deed is void upon its face, and the intervention of equity is not essential. So far as this contention is sought to be supported by a claim that the time for redemption had not expired and the plaintiff might have redeemed, the answer is that she was not bound to redeem from a void assessment, and such remedy only tended to enforce and perpetuate the wrong. The Onondaga act makes the deed conclusive evidence that the sale was regular, and presumptive evidence that all the previous proceedings were regular according to the provisions of the act (§ 10). By

section 9 it is made the duty of the county treasurer to execute
the deed if the lands are not redeemed as in the act provided,
and the deed may be recorded in the same manner and with
like effect as a deed acknowledged or proved.   The resultant
inquiry is, whether the respondents, in seeking to enforce their
title, would be obliged to develop the fatal defect in the assess-
ment.   (*Clark* v. *Devenport*, 95 N. Y. 477.)   We think not.
By the Onondaga act the bare production of the deed carries
with it a presumption that all the prior proceedings were
regular.   The expiration of the time to redeem and the fact
of no redemption are conditions under the law which must pre-
cede the giving of the deed, and are included in the presump-
tion which is attached to it.   It is claimed, however, and such
was the ruling of the General Term, that the general act (Laws
of 1855, •chap. 427) providing for notice to the occupant to
redeem, and the record of the official certificate of non-re-
demption are essential to the validity of the deed, and their
absence would leave the purchaser without a *prima facie* right.
The question whether these general provisions apply to the On-
ondaga act is one of no little difficulty ; but assuming that they
do apply, the deed is yet *prima facie* evidence of the right to re-
cover possession.  The general act relates to lands returned as non-
resident lands and so presumed to have been unoccupied when
the assessment was made.   But since at the later period of the
sale an actual occupancy may have arisen, in such case notice
and proof of its service are required.   But as against the gran-
tee in the tax deed there is no presumption of such actual
occupancy, and when he puts that deed in evidence his case is
made, and the burden falls upon the adversary of developing a
defect in the deed by showing that at the time of sale or within
the allotted period of redemption there was an actual occupancy
which made the deed, standing alone, ineffectual.   The cases
cited by the General Term went upon the ground that actual
occupancy at the date of the comptroller's deed was conceded
or fully established.   (*Jackson* v. *Esty*, 7 Wend. 148 ; *Bush*
v. *Davison*, 16 id. 550 ; *Lucas* v. *McEnerna*, 19 Hun, 14.)
There is no doubt about that, but, especially under the

provisions of the Onondaga county act, the deed is *prima facie* valid, and the plaintiff may rest upon it until the fact of occupancy is developed by his adversary. That is an extrinsic fact to be proven by the defendant to destroy the force of the deed with which he is confronted, and it cannot be said that the respondents here, in ejectment against the plaintiff, could not succeed in making a *prima facie* case without developing the defects in their title. There was thus a cloud upon plaintiff's title. Under the Onondaga act the deed carried with it all necessary presumptions and imposed upon the plaintiff the need of establishing either that there was an actual occupancy when the assessment was made or when the deed was given. Each of these were extrinsic facts, outside of the record, and the plaintiff has established them both.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.