53   15
127a 241

JOSIAH LOCKWOOD, RESPONDENT, v. EDWARD GEHLERT, APPELLANT.

*Redemption from an assessment sale — notice to redeem — the certificate of the comptroller, must be signed and sealed by the same comptroller — purchaser, how far affected by a judgment against the clerk of arrears.*

Under the provisions of section 941 of chapter 410 of the Laws of 1882, relating to the redemption of lands from sales for unpaid assessments thereon in the city of New York, the notice to redeem, required to be served by section 943 of that act, is not of any effect, if such service is made before the lease of the property has been delivered to the purchaser at the sale.

*Lucas* v. *McEnerna* (19 Hun, 14); *Stewart* v. *Crysler* (21 id., 285) followed; *People ex rel. Morgenthau* v. *Cady* (105 N. Y., 299) distinguished.

The certificate mentioned in section 946 of the act which, when made under the hand and seal of the comptroller, makes the conveyance absolute and bars the rights of all persons interested in the property, must be sealed under authority and by direction of the same comptroller by whom it is signed, and cannot be legally sealed by his successor in office. The certificate must not be under the hand of one comptroller and the seal of another, and it must be made before the day, and not on the day, of the delivery of the lease.

*Quære*, how far the purchaser at such a sale is concluded by the judgment of the court, in an action brought by the owner of the property against the clerk of arrears for permission to redeem, of which action, before the trial thereof, such purchaser has notice.

APPEAL by the defendant from a judgment, rendered at the New York Special Term, and entered in the office of the clerk of the county of New York on April 24, 1888, adjudging that the plaintiff was entitled to redeem certain property from a sale for the non-payment of an assessment levied thereon.

*A. J. Dittenhoefer*, for the appellant.

*John Townshend*, for the respondent.

DANIELS, J. :

By the judgment in the action, the plaintiff was adjudged entitled to recover the possession of land situated on Fourth avenue, near One Hundred and Twenty-sixth street, in the city of New York. The action was originally commenced in the name of Charles Fremont Willis, and the present plaintiff, having succeeded to his interest and title in the property, was substituted in his place as the

plaintiff therein. The evidence proved, and the proof, so far, was not controverted, that the plaintiff was the owner of the legal title to the property in dispute; but the defendant resisted his right to recover possession of the premises, under a sale made for the non-payment of taxes and Croton water rents. After the making of the sale, the clerk of arrears, under the direction of the comptroller, caused an advertisement to be published for six weeks successively, as that was required to be done by section 941 of chapter 410 of the Laws of 1882, that unless the lands sold should be redeemed by a date therein mentioned they would be conveyed to the purchaser. This section further provided that in case of a failure to redeem the lands from the sale after the expiration of two years by the payment of the amount mentioned in the certificate of sale, together with interest thereon at the rate of fourteen per cent per annum from the date of the certificate, the comptroller, in the name of the mayor, etc., at the expiration of two years, should execute to the purchaser or purchasers his, her or their heirs or assignees, a lease under the common seal of the city, of the lands so sold, for the term of years for which the sale had been made. These lands were not redeemed within the two years, and on or about the 18th of January, 1884, a lease was made out and subscribed, as the statute required that to be done, for their conveyance to the defendant as the purchaser thereof. The purchaser on that day procured to be served upon the owner and the occupants of the land, notice in writing, stating the sale on the 24th of December, 1881, to him for the taxes of the year 1871, and to and including 1876, and the Croton water rents for the year 1872, and to and including the year 1875. This notice contained the statement that the lands had been conveyed to the defendant for the term of 1,000 years, the period for which they were sold, and that the amount then owing and required to be paid for the redemption of the land was $743.90, together with three dollars for the notice, advertisement and lease. A notice was thereby also given that unless the consideration-money mentioned in the conveyance, with the addition of forty-two per cent thereon, together with the sum of three dollars for the notice, advertisement and lease, should be paid to the clerk of arrears in the finance department of the city of New York, for the defendant's benefit, within six months after the service of the notice, that

the conveyance would become absolute, and the owners and all others interested in the lands would be barred from all right and title during the term of years for which the sale had been made.

At the time when these notices were served the lease had not been delivered to the defendant, neither was it delivered to him until the 24th of March, 1885. The statute contains no provision making the lease operative as a conveyance of title prior to the time of its delivery. But it requires, by section 941, that it shall be executed to the purchaser or purchasers, his, her or their heirs, etc. And this language could only be conformed with by the formal execution of the instrument, and its delivery to the defendant or to some person to hold it for his use. No such delivery was proved upon the trial, for the evidence went no further than to maintain the fact of the formal execution of the lease, and then its detention until the time when it was finally and actually delivered. This failure to deliver the lease must exercise an important effect over the defendant's right. For, as the premises would not be conveyed until the lease was delivered to or for the defendant, he had no authority, under section 943 of the same act, to give notice to the legal owner and occupant of the property, requiring them to redeem it from the sale to save the title. What this section of the statute has provided is, that when the lands are conveyed and shall, at the time of the conveyance, be in the actual occupancy of any person the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such lands and tenements, and in all cases on the person owning the property so conveyed, whether it be occupied or not, provided the owner resides in the city of New York, requiring the redemption, within the six months already mentioned, by the payment of the amount for which the premises may have been sold, with the expenses and forty-two per cent interest. It is only after the conveyance of the property has been made to the purchaser that he has, by this section, any authority to serve this notice for its redemption. And the same legal principles must be applicable to and control the facts constituting the conveyance as it would be necessary to observe in the execution of any other effectual conveyance of the title to land. And an essential act for the necessary com-

pletion of the conveyance is that it shall be delivered either to the grantee or to some person for him. Neither was done in this instance, and as the defendant could only give the notice for the six month's redemption after the title had been conveyed, the notice which he did give was not operative, for it was given before the title, under the lease had become vested in him. And the court at the trial while it found all the proceedings to be regular down to and including the notice by the clerk of arrears, did not find a compliance on the part of the defendant with the law prescribing the service of the final six months' notice upon the occupant and owner.

After the service of this notice, either personally or by leaving it at the dwelling-house of the occupant, or of the person owning the property conveyed, with an individual of suitable age and discretion, an affidavit has been authorized to be made of such service ; and it has been further provided, by section 945 of the act, that to complete the title to the land conveyed the person claiming it shall file with the clerk of arrears the affidavit of some person residing in the city of New York who shall be certified as credible by the officer before whom such affidavit shall be taken, that such notice has been duly served, specifying the time, manner and mode of service. The next section then provides that, if the comptroller shall be satisfied by the affidavit that the notice has been duly served, and if the moneys required to be paid for the redemption of the lands shall not have been paid, he "shall, under his hand and seal, certify the fact, and the conveyance shall thereupon become absolute, and the owner and all others interested in the lands or tenements shall be barred of all rights thereto during the term of years for which the same shall have been conveyed." This affidavit was filed in the office of the comptroller, and on the 24th of March, 1885, the comptroller made and subscribed the certificate in this manner provided for, but he did not seal it.

These sections of the act of 1882 are substantially similar to those contained in the general laws relating to the redemption of lands sold for State taxes. The notice required to be served upon the occupant when the premises shall be occupied is substantially the same, and after the service thereof the grantee in the conveyance, in order to complete his title, is required to file with the comptroller of the State a copy of the notice served, together with the affidavit

of some person, who shall be certified as credible by the officer before whom it shall be taken, that such notice was duly served, and specifying the mode of service. And when that is done and the comptroller shall be satisfied that the proper notice has been so served, and the moneys so required to be paid have not been paid, " he shall, under his hand and seal, certify such facts, and the conveyance before made shall thereupon become absolute, and the occupant and all others interested in the lands shall be forever barred of all right and title thereto." (2 R. S. [7th ed.], 1030, 1031, §§ 68, 72, 73.) What the legislature endeavored to do in the exactment of this part of chapter 410 of the Laws of 1882 was to conform the proceedings to that required to perfect a tax title upon a sale made by the comptroller of the State. And for that reason the construction which has been given to the general law is applicable to these sections of the act of 1882 ; and by that construction it has been held that the title of a purchaser at the tax sale which will exclude the right of redemption, must be completed and certified in this manner. (*Lucas* v. *McEnerna,* 19 Hun, 14 ; *Stewart* v. *Crysler,* 21 id., 285.)

This last case, it is true, was reversed in the Court of Appeals (100 N. Y., 378). . But this reversal proceeded upon a ground leaving this principle entirely unaffected. The case of *People ex rel. Morgenthau* v. *Cady* (105 N. Y., 299) contains no statement or reference which will justify the omission of the certificate for a completion of the title. The statute in question. has been enacted in such language as to exclude that construction. For it has provided upon the certificate being made under the hand and seal of the comptroller, that the conveyance shall become absolute, and all persons interested in the land be barred of all right thereto. It is only in this manner that the conveyance can be made absolute. The clear implication of the statute is to that effect. For by providing what shall be done to complete and make the conveyance absolute, it has excluded all grounds for supposition that it could become absolute in any other manner.

Why the legislature should have required this certificate to be sealed is not manifested in the section of the act of 1882. Neither is it in the section of the general law using the same language. But that the certificate shall be both subscribed and sealed has

been clearly required. Its effect when regularly made will be to divest the title of the owner of the property, and the legislature no doubt intended that so important an event should not be permitted without observing both these formalities. The act is one to be followed by grave consequences, that of forfeiting the estate of the owner for the period, as the sale was in this instance, of one thousand years, and the legislature intended that the law should be carefully, as well as formally, observed to produce this result. For that reason, in each of the statutes, it has required that the certificate of the comptroller of the State in the one instance, and of the city in the other, shall be under his hand and seal. This certificate did not comply with what this section of the act directed should take place to complete the title of the purchaser at the tax sale. For while it was subscribed by the name of the comptroller of the city, it was not sealed by him, but was sealed under the authority and direction of his successor in office. This section of the act required both to be concurrent, and by the same officer. It must be under his hand and seal, and not under the hand of one officer and the seal of another.

A still further and as grave a defect in the certificate consists in the fact that it was so made on the day, and not before the day, of the delivery of the lease. Because of these defects in the title of the defendant the owner of the property had the right to redeem, as he actually did on the 16th of February, 1888, by paying to the collector of assessments and clerk of arrears the sum of $1,059.34, for the benefit of the defendant. This redemption, it is true, was made under the authority of a judgment of the Superior Court, in an action brought by the plaintiff against the clerk of arrears, but of which the defendant before its trial had notice. It is not necessary to decide that he was, by reason of this notice, concluded by the judgment, although the case of *Heiser* v. *Hatch* (86 N. Y., 614), would indicate the law to be that he might be held to be bound.

What the law has required to divest the title by reason of a sale of land for taxes is a substantial compliance with all that has been directed to complete the sale and perfect the title of the purchaser. If any material defect intervenes in the proceedings, the title will fail and the owner will not be deprived of the right to redeem his property and hold it against a purchaser under the sale.

The judgment in this case is right, and it should be affirmed, with costs.

BRADY, J., concurred; VAN BRUNT, P. J., concurred in the result.

Judgment affirmed, with costs.