55 169
132a 323
55 169
129a 637

THE PEOPLE OF THE STATE OF NEW YORK EX REL. ROSWELL P. FLOWER, RESPONDENT, v. FREDERICK W. BLECKWENN, AS TREASURER, ETC., OF LONG ISLAND CITY, APPELLANT.

*Power of the legislature to relevy a void tax and add interest thereto.*

Where the assessors, in making an assessment-roll, fail to annex thereto the sworn statement required by law, whereby the tax is rendered void, the legislature has power to relevy the amount of the original tax, together with interest thereon, upon the several pieces of land originally assessed.

The power to relevy the tax carries with it the power to levy the interest upon it.

*Spencer* v. *Merchant* (100 N. Y., 585) followed.

APPEAL by the defendant from an order made at a Special Term, held in Westchester county, under date of October 13, 1888, and entered in the office of the clerk of the county of Queens, whereby it was directed that a peremptory writ of *mandamus* issue commanding and requiring Frederick W. Bleckwenn, as treasurer and receiver of taxes of Long Island City, to accept the face of and to cancel certain taxes without interest.

The proceeding was instituted by the petition of the relator, alleging a tender to the said treasurer and receiver of taxes of Long Island City of an amount charged upon certain lots of land for taxes for the year 1880.

*W. J. Foster*, for Bleckwenn, appellant.

*J. Ralph Burnett* and *Eliphalet Nott Anable*, for Flower, respondent.

BARNARD, P. J.:

The relator is the owner of certain lands in Long Island City. In 1880 the assessors in making up the assessment-roll failed to annex thereto the sworn statement as required by law. The tax was void for this omission, but the legislature, by chapter 656, Laws of 1886, ratified and confirmed the tax, and levied the same, with interest, upon the several pieces of land and premises upon which the same was originally assessed or levied. The relator claims that the legislature had no power to assess and add the interest on the old tax, because it was invalid, and, therefore, did not draw interest. This objection is not well founded. The assessors had jurisdiction of the subject of taxation, and the omission to verify the roll was an omission which could be remedied by a healing act. The legislature could dispense with a certificate entirely and still make a legal tax. (*Ensign* v. *Barse*, 107 N. Y., 329.) The power to relevy the tax carried with it the power to levy the interest upon it. This alone would be just to those who paid the tax on the irregular assessment, and the point is clearly decided in *Spencer* v. *Merchant* (100 N. Y., 585). The provision as to notice to be given to taxpayers when the assessment-roll is complete is not retroactive, but is to apply only to tax-rolls and levies subsequently made.

The order should, therefore, be reversed and the motion for a *mandamus* denied, with fifty dollars costs of appeal and upon denial of motion.

Pratt, J., concurred; Dykman, J., not sitting.

Order reversed, with costs, and motion denied, with costs.