BENJAMIN COLLINS, Appellant, *v.* LONG ISLAND CITY et al., Respondents.

| 132 | 321 |
| 132 | 594 |

Under the provision of the act of 1886 (§ 15, chap. 656, Laws of 1886), confirming "with interest thereon allowed by law" unpaid taxes in Long Island City, which were laid or levied prior to 1883, interest was properly chargeable on such taxes.

In an action to set aside certain tax sales of lands in said city for unpaid taxes for the year 1883, it appeared that the lands were unoccupied and were owned by a non-resident. The name of the owner was inserted in the assessment-roll. It was claimed by plaintiff that this rendered the assessment void. *Held*, untenable; that as under the provision of the charter of said city (§ 6, tit. 6, chap. 461, Laws of 1871), giving to the city assessors all the power of town assessors, this exception is made: "That lands of non-residents shall not be separated from other assessments," and as the lands were properly placed in the roll, and every fact stated necessary to make a valid assessment, the insertion of the owner's name was surplusage, which did not affect the validity of the assessment.

*It seems* that if the statement of the owner's name had the effect to initiate a personal charge against him, his remedy is by proper proceedings to set aside the tax as against him, to restrain its collection, or to recover damages in case it has been enforced.

(Argued March 14, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order

made May 12, 1890, which reversed a judgment in favor of plaintiff entered upon the report of a referee and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion. .

*J. Ralph Burnett* and *Eliphalet Nott Anable* for appellant. The taxes for the years in question were originally invalid and void. (*Van Rensselaer* v. *Whitbeck*, 7 N. Y. 517; *Brevoort* v. *City of Brooklyn*, 89 id. 128; *Hillton* v. *Fonda*, 86 id. 346; *Stewart* v. *Crysler*, 100 id. 378, 383.) No interest had accrued on the taxes prior to the enactment of chapter 383 of the Laws of 1882 and the act of 1886 (Chap. 656). (Laws of 1871, chap. 461, §§ 6, 7, 12, 13, 14; *Van Rensselaer* v. *Whitbeck*, 7 N. Y. 517–522; *Westfall* v. *Preston*, 49 id. 349; *Smith* v. *Mosher*, 31 N. Y. S. R. 235.) . The act of 1882 failed to charge interest on city and ward taxes. (Laws of 1882, chap. 383, § 18.) The act of 1886 wholly fails to charge the taxes for the years during which the rolls were unverified, with interest. (Laws of 1886, chap. 656, §§ 14, 15; *In re Van Antwerp*, 56 N. Y. 261; *Spencer* v. *Merchant*, 100 id. 585; Laws of 1882, chap. 812; *Heckman* v. *Pinkney*, 81 N. Y. 211; *People ex rel.* v. *Brooklyn*, 69 id. 605; *In re N. Y. Institute*, 121 id. 234, 239.) Assuming that the act of 1886 created a new tax, it wholly failed to charge interest upon it in those cases where the original tax was void. (Laws of 1882, chap. 812, § 18; Laws of 1886, chap. 656, § 15.)

· *George W. Stephens* for respondents. The question of interest and the right of the plaintiff to insist upon paying the taxes prior to the year 1883 without interest, has already been determined by this court. (*People ex rel.* v. *Bleckwenn*, 129 N. Y. 637.) Chapter 656 of the Laws of 1886, by its express terms, relevied the interest on the taxes as well as the taxes themselves. (Laws of 1886, chap. 656, § 15; Laws of 1862, chap. 383, § 1.) It was within the power of the legislature in relevying the taxes to also relevy the interest. (*Spencer* v.

*Merchant,* 125 U. S. 345; 100 N. Y. 585.)   The relevying of a tax makes it a debt due from the time it should have been first levied.   (*Harwood* v. *North Brookfield,* 130 Mass. 561; *Fairfield* v. *People,* 94 Ill. 244; *Mattengly* v. *Columbia,* 97 U. S. 687; *Locke* v. *New Orleans,* 71 id. 172; *Plumber* v. *M. Co.,* 46 Wis. 602; *Peters* v. *Myers,* 23 id. 602; *Simmons* v. *Aldrich,* 41 id. 251.)

BROWN, J.   This action was brought to set aside certain tax sales of land in Long Island City and also to ascertain the amount of taxes and water-rates due and unpaid upon several lots of land owned by the plaintiff, and to have the same canceled upon payment of the amount found to be due.

The appeal presents two questions:

1. Is the plaintiff bound to pay interest on the taxes for the years prior to 1883.

2. Is the tax for the year 1883 invalid by reason of a defective assessment.

The first question depends upon the construction to be given to sections 15 and 16 of chapter 656, Laws of 1886, and was determined in *People ex rel. Flower* v. *Bleckwenn* (55 Hun, 169, affirmed by Court of Appeals December 7, 1891, without opinion).[*]

In reference to the second question it appeared that in the year 1883 the lands described in the complaint were unoccupied and were owned by Mary F. Norwood, who was a resident of the city of New York, and were assessed in her name.

The claim of the appellant is that the insertion of the name of the owner in the assessment-roll renders the assessment void.

The charter of Long Island City (Ch. 461, L. 1871, title 6, § 6), provides that assessors in preparing assessment-rolls shall have all the powers of assessors of towns in the state, " except that lands of non-residents shall not be separated from the other assessments.   And in case of non-payment of county

_____

[*] 129 N. Y. 637.

and state taxes all lands on which such taxes remain unpaid shall be returned to and received by the comptroller of the state as lands of non-residents."

It is further provided by chapter 339, Laws of 1880, that no assessment shall be invalid " by reason of any error, mistake or insufficiency in the owner's name as set down in any assessment-roll of said city, or by reason of such owner's name being omitted from such rolls."

We agree with the counsel for the appellant that the law of 1880 has no application to lands of non-residents.

It obviously could have no application to a system of assessment which did not require the statement in the roll of the name of the owner or occupant. Full effect is given to it by limiting it to occupied lands where the purpose of the assessment is ultimately to make the tax a charge against the person assessed, and collect it primarily from the personal estate, and enforce it against the land only in case of its non-payment or non-collection, by levy and sale of personal property.

The charter of the city further gives to the receiver of taxes the same power in the collection of state and county taxes as town collectors possess. (Title VI, § 14.) And it makes provision for the collection of the city taxes by distress and sale of the goods and chattels of the persons against whom the tax is assessed and by the sale of lands under the direction of the common council. (§§ 22 and 23.)

The statutes, relating to the assessment of lands in towns, require the assessors to designate the lands of non-residents in the assessment-roll separate and apart from the other assessments. And assessors have no jurisdiction of the person of a non-resident whereby they can initiate a charge against him personally for a tax, because of unoccupied lands owned by him in their town. They have power to value the lands, but none to value them against the owner. Hence it follows that they have jurisdiction of the land and may subject it to an assessment, and so initiate a lien thereon for a tax ultimately to be laid, but none to charge the owner with its payment, and the land is to be assessed without the name of an owner, and

set down in the roll apart from the names of the taxable inhabitants. And this requirement of a classification of resident and non-resident lands is imperative. (*Whitney* v. *Thomas*, 23 N. Y. 281; *Crooke* v. *Andrews*, 40 id. 547; *Newell* v. *Wheeler*, 48 id. 486.)

Lands of residents are not, under the first assessment, subjected to the lien of the tax, and it can, by virtue of that assessment, be collected only from the owner. (1 R. S. 463, § 27.)

The tax may ultimately be made a lien on the land and enforced against it, but only by proceedings subsequent to the first assessment. (L. 1855, ch. 427, § 5; *Newman* v. *Suprs. of Livingston Co.*, 45 N. Y. 676.)

But, under the charter of Long Island City, the requirement of separation does not exist. Lands of residents and nonresidents, whether occupied or vacant, are to be placed together in the roll and every tax imposed or laid is a lien on the land, and, if unpaid, all lands may be sold to satisfy the tax.

If lands are owned by a resident of the city, or are occupied, they may be assessed personally to the owner or occupant, and the name of such would appear in the first column of the assessment-roll among the taxable inhabitants and the tax could be enforced against them by distress and sale of their goods and chattels. If the land is vacant and owned by a non-resident of the city, the first column of the roll should state, instead of the name of the owner, such a designation or description of the land as the statute requires. (1 R. S. 390, §§ 7, 12, 13.) In the assessment-roll for the year 1883, it is not disputed that every fact essential to a valid assessment upon the lands in question was stated in the roll, and if the name of the owner had been omitted, the assessment would have been a valid one. The question is, therefore, was it rendered invalid by the insertion of the owner's name.

No reason exists why such should be the result. Every statutory requirement has been followed and the only ground of complaint is the statement of a fact unnecessary to charge

the land with the tax. Assuming that by the manner of making the assessment the owner was named among the taxable inhabitants of the city, and so was apparently liable to be personally charged with the payment of the tax, which result, being outside of the jurisdiction of the assessors, was void, it by no means follows that the tax was not a lien upon the land. I am not aware that it has ever been decided that when lands are assessed as those of a non-resident, the insertion of the name of the owner in the assessment-roll renders the assessment void. The cases cited by the appellant do not so hold.

*Hilton* v. *Fonda* (86 N. Y. 339) was an action against assessors for damages for an illegal assessment, and a levy and sale of goods and chattels to collect the tax.

In that case the lands were assessed as those of a resident, and plaintiff's name was placed among the taxable inhabitants of the town and the tax was collected by a distress and sale of goods and chattels. It was held that the assessors had no jurisdiction over the plaintiff, and none to assess his lands as those of a resident. I do not understand, from the report of that case, that there was an attempt to assess the lands as those of a non-resident, or that they were placed in the part of the roll where such lands were designated.

In *Stewart* v. *Crysler* (100 N. Y. 378), the assessment appeared in the part of the roll devoted to non-resident lands. The owner was a non-resident and his name was inserted in the roll. But the lands were occupied and the sole jurisdiction of the assessors was to assess them to the resident occupant. There was no jurisdiction to assess them as non-resident lands.

But in this case there was jurisdiction to assess the lands as those of a non-resident. They were placed in their proper place in the roll and every fact stated essential to make a valid assessment.

All else was surplusage, and if the statement of the owner's name had the effect to initiate a personal charge against her, her remedy was ample by proper proceedings to set aside the tax against her, to restrain its collection, or recover damages if it was enforced.

We are of the opinion that there was a valid assessment of lands of a non-resident, and that the tax laid thereon was a lien upon the land.

The order should be affirmed and judgment absolute rendered against the appellant, with costs.

All concur, except LANDON, J., not sitting.

Order affirmed and judgment accordingly.