JOSHUA C. SANDERS, Appellant, Respondent, v. WILLIAM A. CARLEY and LILLIAN V. ROURKE, Respondents, Appellants.

*Assessment of non-resident land in the town of New Utrecht, Kings county — it need not be separate from the resident land — an assessment against " Estate George P. Gordon."*

Under chapter 411 of the Laws of 1885, the assessors of the town of New Utrecht, county of Kings, could, in 1888, lawfully assess the lands of resident and non-resident owners together.

An assessment made by them on non-resident lands is not rendered invalid because the owner of the premises was designated as follows: " Estate George P. Gordon." Such a designation is neither the name of a person nor of a corporation and may be regarded as surplusage.

CROSS-APPEALS by the plaintiff, Joshua C. Sanders, and by the defendants, William A. Carley and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 31st day of March, 1902, upon the decision of the

court rendered after a trial at the Kings County Trial Term, a jury having been waived.

*F. J. Mather, Robert Goeller* and *Joseph H. Mahan,* for the plaintiff.

*James A. Sheehan, Stephen M. Hoye* and *Edward L. Somerville,* for the defendants.

Judgment affirmed, without costs to either party on the opinion of Mr. Justice GARRETSON at Trial Term.

GOODRICH, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

The following is the opinion of Mr. Justice GARRETSON delivered at the Kings County Trial Term:

GARRETSON, J. :

When the plaintiff rested, he had by competent proof shown the legal title in fee to be vested in him, and, therefore, the legal right to possession of the premises in question.

Defendant Rourke undertook to establish a superior title and possessory right by the introduction of several deeds from the Comptroller of the State, made upon sales for unpaid taxes. By rebutting proof the plaintiff has satisfactorily shown that the sales upon which these tax deeds were founded, and which they were executed and delivered to effectuate, were illegal and void, with the exception of the sale of 1895 for unpaid taxes prior to the year 1890; the deed upon which sale is dated March 8, 1899, made by the Comptroller to the defendant Rourke and recorded in the register's office of Kings county in liber 8, page 179, of Conveyances, in section 18, March 22, 1899. It appears from the Comptroller's certificate of search in evidence that this sale was had for unpaid taxes of the years 1888 and 1889. The plaintiff's attack upon the validity of this sale was confined to proof relative to the manner in which the town assessors made up the assessment roll for the year 1888, and upon the ground that it appeared from the assessment roll that the premises were assessed to " Estate George P. Gordon " as owner, and that the lands of resident and non-resident owners were assessed together and not separately. It is clear that

the lands were a non-resident's lands, and under the Revised Statutes (2 R. S. [8th ed.] 1096, 1097, §§ 9, 11, 12) this form of assessment would be an irregularity equally fatal to the validity of the sale, as were those which operated to defeat the defendant Rourke's claim of title under the deeds above referred to. But in the year 1885 the Legislature passed an act (Chap. 411) relative to the assessment and collection of taxes, etc., in towns within counties containing upwards of 300,000 inhabitants, which prescribed a mode of assessment essentially different from that contained in the Revised Statutes, and which applied to the county of Kings and to the town of New Utrecht (in which town the premises in question were situated). (*Hagner* v. *Hall,* 10 App. Div. 581; 159 N. Y. 552.)

By the terms of this act it was lawful in making the assessment for the purposes of taxation in the year 1888, for the assessors of the town of New Utrecht to assess the lands of resident and non-resident owners together; the tax was deemed to be assessed upon the land exclusively and not upon the owners or occupants or other persons; it was not made invalid because the name of the owner of the land might be omitted or incorrectly stated in the roll. (§§ 2, 3, 5. And see §§ 6–10, 19.)

The assessment of 1888 was, therefore, not invalid, because the premises were not assessed separately. Neither was its validity affected because the designation "Estate George P. Gordon" was entered thereon as owner. Such designation is neither the name of a person nor of a corporation. It may be regarded as surplusage. (*Collins* v. *Long Island City,* 132 N. Y. 321.)

The defendant Rourke is, therefore, entitled to the benefit of the presumption of regularity as to all proceedings precedent to the delivery of this deed to her. (Laws of 1893, chap. 711, § 11, as amd. by Laws of 1895, chap. 895.) It follows that the defendant Rourke has shown a stronger title than the plaintiff. However, not as to the whole of the premises. It must be inferred that the Comptroller was able to satisfy the taxes, interest and charges, which were a lien on the premises, without selling the whole thereof, as he might do, for, as appears by the deed, he has sold and specifically conveyed only eight-tenths part thereof in square feet, to be laid out in the form of a parallelogram, as near as may be, across the southerly end of the lot.

As to the remaining two-tenths, the plaintiff has shown the better title, and should have judgment for the possession thereof.

The defendant Carley's interest as tenant is subordinate to that of the defendant Rourke, and dependent thereon. A decision and judgment must be prepared and submitted accordingly, and settled before me upon three days' notice.

### OPINION ON REHEARING.

GARRETSON, J.:

I have carefully examined and considered the briefs of counsel submitted upon the rehearing, and remain of the opinion that the assessment for the purpose of taxation in the year 1888 is in substantial compliance with chapter 411 of the Laws of 1885, and is unaffected by jurisdictional infirmities. There remains, therefore, nothing to be added to what was written at the time of the determination, made upon the original submission, and a proposed decision and judgment should be presented for settlement in accordance with the conclusion reached thereon.