MALCOLM W. LINDGREN *vs.* JESSIE L. DOUGHTY, *et al.*

JUNE 27, 1911.

PRESENT:   Dubois. C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Taxation.    Building on Leased Land.    Lease Unrecorded.    Personal Property.*

A building was erected upon leased land, the lease being unrecorded, and was taxed as real estate under the provisions of Gen. Laws, cap. 45, § 2 (now Gen. Laws, 1909, cap. 57, § 2) "buildings on leased land, the leases whereof are in writing and recorded, shall, for the purposes of taxation, be deemed real estate." After levy and sale;—

*Held*, that the lease never having been recorded the building was not to be deemed real estate, but should have been assessed as personal property and the appropriate proceedings taken for the collection of the tax, and the levy and sale as real estate was null and void.

(2)  *Equity.  Setting Aside Tax Sale Deed.  Defects Apparent on Record.*

Where a tax-sale deed appears upon its face to have been made pursuant to law, as shown by its recitals, which are by statute made "evidence of the facts stated" and it is necessary to resort to extrinsic evidence to show the existence of facts rendering the levy and sale null and void, a bill in equity may be maintained to set aside such deed under the rule that where an instrument is made by statute *prima facie* evidence of the regularity of proceedings connected with the assessment and sale for taxes, equity will set aside such instrument for defects, although such defects are apparent on the face of the proceedings leading up to the execution of the instrument.

BILL IN EQUITY.  Heard on appeal of respondents and denied.

PARKHURST, J.  This is a bill in equity brought by the complainant Lindgren, claiming that he was the purchaser of a certain leasehold interest in land situate on Broad street, in Providence, the fee of which is in the New York, New Haven and Hartford Railroad Company, subject to an unrecorded lease to one Hiram N. Doughty, dated March 25, 1899; and also as the purchaser of a building on said land which was the property of Elizabeth C. Doughty, the former wife of Hiram N. Doughty, and of various articles of personal property contained in said building.  Said leasehold interest and said building and contents were mortgaged by said Doughty and wife by two personal property mortgages to one Sullivan Wilson, one bearing date October 16, 1899, for $384, the other dated January 3, 1902, for $200.  These mortgages both duly recorded were duly transferred by Wilson to Lindgren, November 12, 1908, and the transfer thereof was duly recorded.  On December 17, 1908, said Lindgren, having advertised under the powers of sale contained in said mortgages, sold at public

auction and bought in the property therein described and executed a conveyance thereof to himself.

At said mortgagee's sale, the respondent Jessie L. Doughty, Hiram N. Doughty's present wife, protested against the sale, claiming to own said building by virtue of a deed made pursuant to a tax sale held June 4th, 1903, whereby Franklin P. Owen bought at said sale and received from the city treasurer a deed of the building that was being sold for non-payment of the taxes assessed July 1st, 1902, against Elizabeth C. Doughty; and also claiming under a deed dated December 17th, 1908, the same day as the foreclosure sale, from the heirs of Franklin P. Owen to said Jessie L. Doughty of all interest in and to this building.

The sale was proceeded with and the complainant bought in at the sale all the rights of the mortgagors as granted in and by the said two mortgages, as above stated.

The bill alleges in substance that the conveyance by the heirs of Franklin P. Owen of all the interest in said building conveyed to him by the city treasurer at said tax sale was procured by the said Doughty to be made to his present wife, the respondent Jessie L. Doughty, without consideration; that said Doughty had repaid to said Owen all the money that Owen had advanced to purchase the building at said tax sale, and that Owen had either actually conveyed his interest to Doughty, immediately after the sale, or held the same in trust for said Doughty; that neither said Owen nor his heirs had any real interest therein; and that said Doughty procured said heirs to transfer their apparent interest to his wife, in order to defraud the complainant and deprive him of any interest in said building under his said mortgages. The bill claims that said transfer by the Owen heirs is a cloud upon complainant's title and prays that the same may be declared to be null and void and of no effect, and after hearing upon bill, answer and proof a decree to that effect was entered by the Superior Court, apparently upon a finding by that Court that the charges of fraud in procuring that deed were sustained by the proof.

The case is before this court upon the respondents' appeal from said decree.

Upon examination of the proofs in this case, we are of the opinion that not only said deed from the Owen heirs, but also said tax sale deed from the city treasurer to Franklin P. Owen were void and of no effect, but for a different reason than that which seems to have led the Superior Court to its conclusion.

It appears that the building in question was the property of Elizabeth C. Doughty, the first wife of Hiram N. Doughty, and was built upon land belonging to the New York, New Haven and Hartford R. R. Co., and leased to said Hiram N. Doughty as above shown. Said lease was never recorded. The tax assessors of Providence appear to have taxed said building to Elizabeth C. Doughty, as real estate, under the provisions of Gen. Laws, R. I. cap. 45, § 2 (now reënacted in Gen. Laws, R. I. 1909, cap. 57, § 2), which reads as follows: "SEC. 2. Buildings on leased land, the leases whereof are in writing and recorded, shall, for the purposes of taxation, be deemed real estate." And acting upon this, said city treasurer proceeded to levy upon and sell said Elizabeth C. Doughty's interest in said building as real estate, for non-payment of taxes, following the same procedure therein as in other cases of real estate. But, as the said lease was never recorded, the said building was not to be deemed real estate for the purposes of taxation, under the statute above quoted; and there was no warrant in the law for such procedure, with regard to this building. The building was personal property of Elizabeth C. Doughty, to all intents and purposes, and should have been taxed as such; the city treasurer, as collector of taxes, should have proceeded as in case of other personal property, either by distraint under the provisions of cap. 48 (Gen. Laws, R. I. 1896) § 17–25; or by suit at law as provided in § 26; and the action of the city treasurer in levying thereon and selling the same as real estate was null and void. It follows, therefore, that said tax-sale deed to Owen being null and void conveyed no interest in said building to him, and his heirs got nothing, and therefore their deed of the same to Jessie L. Doughty conveyed nothing to her. But inasmuch as said tax-sale deed does not appear to be void upon its face, but appears to have been made pursuant to law as provided

for the sale of real estate and interests therein, as shown by the recitals in the deed, which are by statute (cap. 48, Gen. Laws, 1896, § 15) made "evidence of the facts stated;" and as it is necessary to resort to extrinsic evidence showing that the lease was never recorded, so as to show that the building was not real estate for the purpose of taxation, it follows that this bill in equity may be maintained for the purpose of setting aside said tax-sale deed as well as the deed of the heirs made pursuant thereto under the well settled rule laid down in 6 Pomeroy's Eq. Jur. § 734, p. 1237, as follows: "In many states, deeds, certificates, and other instruments given on sales for taxes are made *prima facie* evidence by statute of the regularity of proceedings connected with the assessments and sales, and it is well settled that courts of equity will set aside such instruments for defects, although such defects are apparent on the face of the proceedings leading up to the execution of the instrument; or, in a proper case, the execution of such an instrument, *prima facie* valid on its face, will be enjoined." And see *Rich* v. *Braxton*, 158 U. S. 375, 407 and cases cited; *Stewart* v. *Crysler*, 100 N. Y. 378; *Allen* v. *Buffalo*, 39 N. Y. 386; *Crooke* v. *Andrews*, 40 N. Y. 547; and other cases cited in note 32.

We are of the opinion, therefore, that the complainant, by his bill and the proofs thereunder, has shown sufficient equity to maintain the bill; and that he is entitled to a decree setting aside as a cloud upon his title both the tax-sale deed to Franklin P. Owen, and the deed from the Owen heirs to Jessie L. Doughty. The parties may submit a decree to that effect, for our approval.

The cause will be remanded to the Superior Court with direction to enter the decree approved by this court.

*Dexter B. Potter*, for complainant.

*Willis B. Richardson*, for respondents.