■ CONGREGATION YETEV LEV D'SATMAR, INC., Appellant, v COUNTY OF SULLIVAN et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered February 25, 1981 in Sullivan County, upon a decision of the court at Trial Term (Weiss, J.), without a jury. Plaintiff seeks to avoid a tax deed granting a six-acre parcel of land to defendant Carnesi & Son, Inc. (hereinafter Carnesi). Carnesi purchased the six acres from defendant County of Sullivan (hereinafter county) at a tax sale on December 15, 1977. The land lies in the middle of a bungalow colony. There are bungalows, wells and a heating system utilized by the whole colony on these six acres. Plaintiff purchased the bungalow property from White Lake San-Ruth Corporation in 1971. The six acres were excepted from plaintiff's deed. The history of the subject six acres began in 1919 when the entire tract of land constituting the bungalow colony and including these six acres was purchased by Camp White Lake from the Tartikoffs. All the land was subject to a mortgage which specifically excepted the six acres. In 1930, Frances Ettinger became the owner of the tract. Subsequently, the mortgage on the property was foreclosed by Otto and Carrie Hornung, to whom it had been assigned, and title to the tract, except the six acres not covered by the mortgage, vested in the Hornungs. The six acres remained vested in Frances Ettinger. The Hornungs subsequently conveyed their property, and eventually it was purchased by White Lake San-Ruth Corporaton which, in turn, sold it to plaintiff. The county assessors meanwhile continued to assess the entire tract of land as one holding and the tax, therefore, was continuously paid including taxes for the six acres. In 1973, the county for the first time assessed the properties separately. Plaintiff was assessed for 21.37 acres and White Lake San-Ruth Corporation was assessed for the six acres. Plaintiff, as a religious corporation, was granted a tax exemption. No taxes were paid on the six acres. The county took title to the property in 1974, and, following notification to White Lake San-Ruth Corporation, it sold the property at a tax auction to Carnesi. The tax deed granting title to Carnesi was recorded in 1977. Plaintiff commenced this action on November 6, 1979 challenging the legality of the tax sale and seeking to have it set aside. The trial court dismissed plaintiff's action on the grounds that plaintiff never held title to the six acres and that there was no basis for finding that the tax sale was void. We find that the trial court improperly dismissed the complaint. Plaintiff first asserts that it gained title to the property by adverse possession. In order to prevail on this theory, plaintiff must have established adverse possession for a 10-year period. The record discloses that plaintiff owned the surrounding property from 1971 to 1977 and used it and the six acres as a bungalow colony. Bungalows, wells and the heating system located on the six acres were used by plaintiff. There is evidence to conclude that plaintiff's use was hostile, actual, overt, notorious and exclusive. White Lake San-Ruth Corportion, owner from 1969 to 1971 and Adelanne Incorporated, owner from 1958 to 1969, used the land in the same manner. Thus, the six acres were adversely used for some 19 years. It is obvious from the circumstances of this case that the six acres excluded in the deed were intended to be, and actually were, turned over to plaintiff with the property described in the deed. Plaintiff is entitled to tack the successive adverse possession of property omitted from the deed description when it is contiguous property and when it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed (*Brand v Prince*, 35 NY2d 634; *Belotti v Brickhardt*, 228 NY 296). Plaintiff's adverse possession is fully established in the record. At the time the county recorded the tax sale deed in 1977, plaintiff was the owner by adverse possession. Plaintiff further argues that the six acres

were improperly assessed, that the tax sale was illegal and the tax deed void. We note that the first assessment of the property was made in 1973 to White Lake San-Ruth Corporation which was then neither the owner nor occupier of the property. The notice of tax assessment was tantamount to no assessment (*Whitney v Thomas,* 23 NY 281). Land may be assessed to either the owner or occupant if both reside where the property is located. However, if the owner is a nonresident, it must be assessed to the occupant (5A Warren's Weed, New York Real Property, § 1.07, p Tax-13; see *Stewart v Crysler,* 100 NY 378, 382). A valid assessment is essential to a valid tax lien (*Jackson v Smith,* 153 App Div 724, affd 213 NY 630). The assessment here was made neither on the owner nor occupier. It was thus void and the subsequent tax sale void as well. In light of the conclusion that the original assessment was void, we need not address the other matters raised regarding the adequacy of the statutory notice requirement of sale. We note parenthetically that defects in the sale established in this record involve proper notification of necessary parties. This is a jurisdictional defect and pursuant to subdivision 3 of section 1020 of the Real Property Tax Law, an action challenging the sale may be commenced within five years from the expiration of the redemption period. This action was, therefore, timely commenced. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered voiding and setting aside the tax sale at issue. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.