J. G. JOHNSON v. BOARD OF COUNTY COMMISSIONERS OF NORMAN COUNTY and Others.[1]

November 11, 1904.

Nos. 14,052—(42).

**Injunction—Debt Limit.**

Action to enjoin the erection of a courthouse and the issuing of county bonds or warrants to pay therefor. *Held*:

1. That in determining the debt limit of the county, ditch bonds are not to be taken into consideration.

2. The findings of the trial court to the effect that the defendants did not intend to issue the warrants of the county in payment of the contract price for the erection of a courthouse are not sustained by the evidence.

Appeal by plaintiff from a judgment of the district court for Norman county, entered pursuant to the findings and order of Watts, J. Reversed and new trial granted.

[1] Reported in 101 N. W. 180.

C. A. *Nye* and C. G. *Dosland,* for appellant.

E. M. *Niles* and W. E. *Rowe,* for respondents.

START, C. J.

On April 3, 1903, this action was commenced by a taxpayer against the board of county commissioners of the county of Norman, its chairman, and the auditor of the county, to enjoin the board from building a courthouse at the expense of the county, and from negotiating the bonds of the county, or issuing any warrants in payment of the same. The trial court made findings of fact and ordered judgment in favor of the defendants. Judgment was so entered, from which the plaintiff appealed.

The here material allegations of the complaint are to the effect following: The defendant board, on August 26, 1902, without a vote of the electors of the county authorizing it, decided to build for the use of the county on land owned by it a courthouse, and to issue the bonds of the county to pay for the same. It accordingly entered into contracts for the building of such courthouse for an agreed price, amounting in the aggregate to $55,000. It has, pursuant to such decision and contracts, commenced the erection of the courthouse, and intends to so continue the execution of such contracts, and in so doing to pledge the credit of the county and incur an indebtedness against the county in a sum exceeding $55,000, which is largely in excess of the limit of indebtedness the board is authorized by law to incur, and to issue the warrants and bonds of the county therefor.

The answer admits that the board entered into the contracts alleged in the complaint, and that they intend to and are actually proceeding with the construction of the courthouse pursuant to the contracts, and intend to, if necessary, issue the bonds of the county for the purpose of paying such balance of the contract price as may remain unpaid after the funds available for that purpose are exhausted. The answer denies that the indebtedness incurred by the making of the contracts exceeded the limit of indebtedness which the county is authorized by law to incur, and expressly alleged the contrary. On the trial the answer was amended by striking out the admissions and allegations relating to issuing bonds. See Hetland v. Board of Co. Commrs. of Norman Co., 89 Minn. 492, 95 N. W. 305.

The trial court made, with other findings, the following:

6. That said board of county commissioners intend to and are continuing the erection of said new courthouse; that the contracts aforesaid are in excess of their authority to bind the county, are void, and do not create any legal obligation against the said county of Norman.

7. That the said defendants, nor any of them, do not threaten or intend to issue any bonds of said county for the purpose of paying for said new courthouse, nor do they threaten or intend to sign, execute, or issue any county warrants or other evidences of indebtedness for or on behalf of said county in payment for building said new courthouse, in excess of moneys in the general fund of said county properly applicable to the purpose of building a new courthouse within the same.

The first alleged error to be considered relates to the evidence received to the effect that before the issue of certain ditch bonds by the county, amounting to $30,000, assessments were made to pay them upon lands within a certain district. This evidence was properly received for the purpose of showing that the payment of the bonds had been provided for as required by law; hence the amount thereof could not be considered in determining the question of the capacity of the county to incur a debt to the limit of the contract price for building the courthouse. Kelly v. City of Minneapolis, 63 Minn. 125, 65 N. W. 115. It was, however, error to receive evidence to the effect that there was $2,500 more in the ditch fund than would be necessary for the demands upon it during the current year, for it was, as we infer from the record, one arising from special assessments; hence chapter 355, p. 645, Laws 1903, is not applicable. The error is immaterial, as the trial court found that the contract price for building the courthouse exceeded the debt limit of the county, and for this reason the contracts were void.

Counsel for the defendants seem to challenge this sixth finding as not supported by the evidence. The defendants made no motion in the district court to amend the finding, nor have they appealed. Therefore, unless the undisputed evidence is manifestly conclusive that the contracts were not in excess of the debt limit of the county, the finding

cannot be ignored, but must be given full effect on this appeal. The evidence is far from conclusive in favor of the defendants on this point. On the contrary, it fairly supports the finding.

The only other assignment of error we find it necessary to consider is that the seventh finding of fact is not sustained by the evidence. The only evidence by any of the defendants as to their intention with reference to paying the contract price for building the courthouse was that of the county auditor, which is this:

> Q. I understand that, as far as you are concerned, as one of the officers and the board, as far as you are informed, it is the intention— Unless you are prevented from doing so by order of the court, it is your intention to go on building the new courthouse as rapidly as you can. Is that true? A. I don't know what the intention of the board is. I know what my intention is. I have got nothing to do with the building of it. I am not a member of the board, but my intention is to issue warrants as far as the law allows, and no further. Q. It is your intention to go on and issue warrants until the building is completed and paid for by that method—by issuance of warrants? Is that true? A. Yes; as far as we can legally do it.

It, however, appears from the admissions in the answer of the defendants, and from the uncontradicted evidence on behalf of the plaintiff, that the defendants intend to build and are building the courthouse pursuant to the void contracts; that up to the time of the trial they had expended for this purpose some $27,000.

There is but one inference to be drawn from the admissions of the defendants and the undisputed evidence. That is that the defendants intend to carry out the contracts for building the courthouse and pay the contract price therefor. There is no attempted denial of this conclusion on the part of the defendants, except the testimony of the auditor which we have quoted. The pleadings and the evidence do not present a case where the county board is contracting for the erection of a courthouse from year to year with reference to the expected annual income (see Rogers v. Le Sueur Co., 57 Minn. 434, 59 N. W. 488), but one where the board has entered into contracts for the building of a courthouse at a contract price exceeding the debt limit of the county,

and at least intend to pay for it by issuing county warrants on the annual income of the county therefor. To permit this to be done would be a mere evasion of the statutory debt limit. Johnston v. Board of Co. Commrs. of Becker Co., 27 Minn. 64, 6 N. W. 411; Kiichli v. Minnesota Brush Electric Co., 58 Minn. 418, 424, 59 N. W. 1088. We therefore hold that the seventh finding is not sustained by the evidence.

This is not a case where we can order judgment, as plaintiff's counsel suggests.

Judgment reversed and a new trial granted.