GEORGE B. UPTON v. JULIUS STROMMER and Others.[1]

May 17, 1907.

Nos. 15,121—(84).

**Repairs on Courthouse.**

The reasonable cost and expense of making repairs upon a courthouse is incidental to the management of the affairs of a county, and not unlawful, even though the amount thereof, added to other items of current expense, exceeds the statutory limitation of the taxing power of the county.

Appeal by plaintiff from an order of the district court for Clearwater county, Spooner, J., denying a motion for a new trial, after a trial and findings in favor of defendants. Affirmed.

*Ole J. Vaule* and *Wm. P. Murphy,* for appellant.
*Edward T. Teitsworth,* for respondents.

[1]Reported in 111 N. W. 956.
101 M.—7

BROWN, J.

This action was brought by a taxpayer of Clearwater county to restrain and enjoin the board of county commissioners and the county auditor from carrying out certain contracts made by the board for the improvement and repair of a building for courthouse purposes. Defendants had judgment in the court below, and plaintiff appealed from an order denying a new trial.

The facts, about which there is no controversy, as disclosed by the findings of the trial court, are as follows: Clearwater county is comparatively a new county, having been organized in 1902. Ever since its organization, to about the time of the commencement of this action, it has had no suitable courthouse in which to transact county business. Offices for the several officials have been rented in various parts of the village of Bagley, the county seat, at an expense of about $500 per year. The county was also without vaults or safes for the protection of its records and public documents, and the same were unprotected from fire and other dangers of loss. On or about August 22, 1905, a block of platted land in the village of Bagley was donated to the county on which to erect and construct county buildings, which thereafter became known as "Courthouse Block." The county duly accepted the donation, and thereafter certain of the citizens of the county seat presented to the county, and moved the same upon this block of land, a two-story frame building, theretofore occupied and possessed by the village as a village hall and engine house. When moved upon the land so acquired by the county, the building was considerably out of repair. There was no foundation for it. It contained no vault for the safekeeping of the county records, and was not divided into separate rooms. On October 18, 1905, the board of county commissioners by resolution directed that the building be altered by the construction of partitions therein, presumably for the purpose of providing offices for county officials, and that it be repaired in certain respects, by placing therein additional doors and windows and chimneys, the construction of a stone foundation thereunder, and a fireproof vault therein. Pursuant to this resolution contracts were let for this work, the aggregate cost of which amounted to $1,600. The work was performed by the several contractors, and the building has since been used and occupied for all county purposes. It is conceded, and the trial

court so found, that the liability thus incurred by the county board exceeded, with other items of liability, the limitation of the taxing power of the county for the current year.

The learned trial court determined the case adversely to plaintiff, upon the theory that the indebtedness, incurred in the manner and for the purposes stated, was incidental to the management of the affairs of the county, and not unlawful, even though the amount thereof, together with the other amounts necessary to defray the current expenses of the county, exceeded the statutory limitation of its taxing power. The only question in this court is whether this conclusion is justified by the findings of fact above outlined.

A majority of the court concur in that view of the case. The building, acquired by the county in the manner stated, should be treated as a courthouse out of repair, and for repairing the same and placing it in suitable condition for occupancy the board of commissioners were authorized to make such reasonable expenditures as were necessary. Board v. Gwin, 136 Ind. 562, 36 N. E. 237, 22 L. R. A. 402. The situation is no different from a case where by storm or other calamity the buildings of a county are unroofed, or otherwise damaged and rendered unfit for occupancy, in which case it would be the clear duty of the county board to provide economically all necessary repairs, the cost of which would constitute a necessary expense, to which the statute limiting the power of taxation would not apply. In this view of the case Rogers v. Le Sueur County, 57 Minn. 434, 59 N. W. 488, Kiichli v. Minn. Brush Electric Co., 58 Minn. 418, 59 N. W. 1088, 49 Am. St. 523, Johnson v. Board of Co. Commrs. of Norman County, 93 Minn. 290, 101 N. W. 180, and Johnson v. Board of Co. Commrs. of Becker County, 27 Minn. 64, 6 N. W. 411, do not apply.

The writer does not concur in this disposition of the case. In my opinion the transformation of an ordinary village engine house, or village hall, into a courthouse amounts to something more than making repairs to an existing courthouse owned by the county.

Order affirmed.