WISCONSIN CENTRAL RAILROAD COMPANY, Appellant, vs. LINCOLN COUNTY and others, Respondents.

*November 26 — December 14, 1886.*

TAXATION: TAX TITLES: LIMITATION OF ACTIONS. *(1) Defective assessment roll does not render assessment a nullity. (2) Illegal assessment of school taxes. (3) Action to set aside tax certificate.*

1. Ch. 21, Laws of 1877 (extending for three years the exemption of certain lands from taxation), declared that its provisions should not apply to or exempt said lands from taxes theretofore assessed against them. The assessment roll for 1876 of the town in which the lands in question were situated was not signed or verified by the assessor. *Held,* that such fact did not render the assessment a nullity so that it could be said that no taxes were assessed against the lands in that year.
2. The fact that school taxes were illegally levied upon lands does not render the levy of the county, state, and general town taxes a nullity.
3. Sec. 1210e applies to the actions therein mentioned, when the taxing officers had general authority to levy the taxes and the lands were subject to taxation.

APPEAL from the Circuit Court for *Lincoln* County.

This is an action in equity, brought in April, 1880, by the plaintiff railroad company, to procure the setting aside and cancellation of a large number of tax certificates upon lands of the plaintiff, situated in *Lincoln* county when the lands were taxed and sold, but afterwards included within the limits of *Price* county. These lands were sold for nonpayment of the taxes assessed against them in 1876, and the

certificates were issued to *Lincoln* county. That county afterwards duly assigned the certificates to *Price* county, pursuant to the organic act creating the latter county. Such certificates were issued in May, 1877, and are owned by *Price* county. The lands in question were granted to the state of Wisconsin by act of Congress, and by the state to corporations to whose rights the plaintiff has succeeded, in aid of the construction of certain railroads. A small portion thereof was not patented to the plaintiff until 1878, but the larger portion was so patented in 1874. The circuit court held that the parcels patented in 1878 were not taxable in 1876, and gave judgment canceling the tax-sale certificates thereon. The court also held that the parcels patented in 1874 were taxable in 1876, and that the nine-months limitation prescribed in ch. 334, Laws of 1878 (R. S. sec. 1210*e*), had run in favor of the certificates thereon before the action was commenced. Judgment was thereupon duly entered that the certificates on the last-mentioned parcels are legal and a lien upon the lands therein described.

From the last-mentioned portion of the judgment the plaintiff appeals to this court.

For the appellant there was a brief by *T. L. Kennan*, attorney, and *Edwin H. Abbot*, of counsel, and oral argument by *Mr. Kennan*.

For the respondents there was a brief by *Willis Hand*, and a separate brief by *Bump & Hetzel*, attorneys, and *W. F. Bailey*, of counsel, and the cause was argued orally by *Mr. Bailey*.

LYON, J. Under and by virtue of sec. 21, ch. 314, and sec. 22, ch. 362, P. & L. Laws of 1866, the lands affected by this appeal were exempted from taxation for the period of ten years from and after the taking effect of such acts. Ch. 21, Laws of 1877, extended such exemption three years. It is provided in sec. 4 of the act of 1877, that its provis-

ions "shall not apply to nor in any manner exempt said lands from the taxes which have been heretofore assessed against them." It is not claimed on behalf of the plaintiff company that the lands in question were not subject to assessment and taxation in 1876; but it is maintained by its counsel that no legal tax was assessed against such lands in that year, and hence that the exception in sec. 4 of the act of 1877, saving from the exemption of that act assessments of taxes theretofore made, does not apply.

The validity of the assessment of 1876 — its existence even — is denied for the reasons (1) that the document in the town clerk's office of the town in which the lands were situated, purporting to be the assessment roll of such town for 1876, bears no signature of, or verification by, the assessor,— neither does it appear to have been made by him; and (2) a portion of the tax assessed against the lands of plaintiff was a school district tax, and a portion a town school tax, whereas the lands were not situated in an organized school district, and such town had never adopted the township system of schools. It was further claimed that no return of lands for nonpayment of taxes was made by the town treasurer to the county treasurer in 1876, but that claim is negatived by the court in the findings of facts.

The question is, Do these irregularities and defects in the assessment and levying of the taxes of 1876, or either of them, render the tax proceedings so utterly null and void that it can correctly be said that no taxes were assessed against the plaintiff's land in that year? If none were so assessed, probably the exception in sec. 4, ch. 21, Laws of 1877, will not apply to such lands. We conceive that the judgment of this court in *Fifield v. Marinette Co.* 62 Wis. 532, answers the above question in the negative. In that case, as in this, the document purporting to be the assessment roll, and which was the foundation of all the subsequent tax proceedings, was not signed or otherwise verified

by the assessor. It was held that the tax certificates were not necessarily void in equity because of such omission, and that, to entitle the plaintiff to relief, he must show that the tax levied against his property was unequal and unjust, and, as a condition of relief, he must offer to pay the sum as taxes which in justice and equity he ought to pay. In other words, it was held that such defective assessment is not a nullity, furnishing no foundation for a tax based upon it, but that a court of equity regards such assessment and tax levy as conditionally voidable; the condition being that the party complaining of the omissions and defects in the tax proceedings must show that these have resulted in injustice to him, and must pay, or offer to pay, the amount which, under a just assessment, would be required of him. The grounds upon which the judgment went in that case are so fully considered in the opinion by Mr. Justice TAYLOR that it is quite unnecessary to discuss the subject here. It is manifest that had the question of the applicability of any statute of limitations to the tax certificates sought to be canceled in the above case been involved therein, it would have logically resulted from what was there adjudged that such statute would have been held applicable.

The illegal levy of school taxes in the present case cannot annul the levy of the county, state, and general town taxes; in other words, cannot render the whole tax levied against the plaintiff's lands a nullity. This proposition calls for no discussion.

Counsel for the plaintiff relies mainly upon certain language found in the opinions by the late chief justice in *Marsh v. Sup'rs Clark Co.* 42 Wis. 502, and *Philleo v. Hiles*, 42 Wis. 527, to support the opposite view. This language is considered and restricted or explained in *Fifield v. Marinette Co.* 62 Wis. 532. It has ceased to be authority for the proposition maintained by counsel.

We reach the conclusion, therefore, that the assessment

and tax levy here under consideration are not nullities; that taxes were assessed against the plaintiff's lands in 1876, within the meaning of sec. 4, ch. 21, Laws of 1877; and that such assessment was thereby saved from the exemption of that act. From this view of the character and effect of such assessment, it necessarily results that the limitation of ch. 334, Laws of 1878 (R. S. sec. 1210e), is applicable thereto, and cures all alleged defects in the tax proceedings. The limitation was made for just such cases. The general authority of the taxing officers, and the liability of the lands to taxation, are existing conditions here, and that is all the law requires to set the statute of limitations in motion. *Knox v. Cleveland,* 13 Wis. 245. In *Smith v. Sherry,* 54 Wis. 114, upon which some reliance is placed, the first of these conditions — the general authority of the taxing officers — was wanting.

*By the Court.*— The judgment of the circuit court is affirmed.