LYDIA MERRIAM, PLAINTIFF IN ERROR, v. GEORGE E. DOVEY, DEFENDANT IN ERROR.

1. **Taxes:** FORECLOSURE OF TAX LIEN. A brought suit in the district court to remove a cloud upon his title to real estate caused by a treasurer's tax deed to the defendant in the action, and in which he was successful in the district court. The defendant appealed to the supreme court, where the decision of the district court was reversed, upon the ground that A did not pay or offer to pay the taxes justly chargeable to the property, and the cause was remanded to the district court, with permission to A, upon payment of costs, to amend his petition by making the offer to pay taxes, and proceed with the case; but it is not shown that any further action was taken in the case. In a suit brought by the defendant in that action to foreclose his lien upon the real estate, for taxes paid under his purchase, and against the grantees of A, *It was Held*, That the judgment of reversal in the former case was not a bar to either party, and that a decree of foreclosure must be rendered in favor of plaintiff for the amount to which he was entitled by law.

2. ———: ———: EVIDENCE. In such case, where the action was to quiet the title of the holder of the tax deed, or in the case of the failure of his title for a foreclosure of his lien, and where the tax deed showed upon its face that it was void, it was not error for the district court to refuse to receive it in evidence for any purpose.

3. ———: ———. In an action to foreclose a tax lien, a technical defense, such as the omission of the oath from the assessment roll, there being no objection to the fairness of the assessment itself, will be unavailing.

4. ———: ———. An agreement between a tax-payer of a county or city and such corporation, that certain services were to be

rendered by him in consideration that his taxes were to be canceled, will not avail the tax-payer in an action between him, or his grantee, and the purchaser of real property at tax sale, notwithstanding he may have performed his part of the contract, it not appearing that the county or city had complied with its contract and paid the taxes.

ERROR to the district court for Cass county. Tried below before HAYWARD, J.

*S. P. Vanatta,* for plaintiff in error, cited: *Nelson v. Bevins,* 19 Neb., 715. *Kurtz v. Carr* (Ind.), 5 N. E. R., 692. *Radford v. Folsom,* 3 Federal Rep., 199. *Brooks v. O'Hara,* 8 Federal Rep., 529. *Township of Center v. County of Marion* (Ind.), 10 N. E. Rep., 291. *Durant v. Essex Company,* 7 Wallace, U. S., 107. *McClure v. Warner,* 16 Neb., 447. *South Platte Land Co. v. City of Crete,* 11 Neb., 344. *Otoe County v. Mathews,* 18 Neb., 466.

*Marquett, Deweese & Hall,* for defendant in error, cited: *Merriam v. Coffee,* 16 Neb., 450. *Hastings School District v. Caldwell,* 16 Neb., 70. Maxwell's Pleading and Practice, 196. *Sheldon v. Edwards,* 35 N. Y., 279. *Gerrish v. Pratt,* 6 Minn., 53.

MAXWELL, J.

This action was commenced in the district court of Cass county, for the purpose of quieting plaintiff's title to the undivided half of lots 5 and 8, in block 35, in the city of Plattsmouth, or in case the court should find the plaintiff's title had failed, that it may by its decree declare a lien upon said property for certain taxes paid by plaintiff in the purchase thereof, and for subsequent taxes.

It is alleged in the petition that plaintiff purchased the property in dispute from the treasurer of Cass county, on the 4th of September, 1871, for the taxes for the year 1870, which were then due, unpaid, and delinquent, and

that he paid the taxes thereon for subsequent years, up to and including 1874; that on the 5th of September, 1873, and more than two years after the purchase, the certificate of purchase was surrendered to the treasurer, and he executed a tax deed to plaintiff thereon, and the deed was recorded as required by law. The prayer of the petition is, that the plaintiff's title to the property may be quieted, and that defendant be enjoined from having or claiming any estate in the property, or in case it should appear that plaintiff's deed was defective and did not convey the title, that he have a lien for the taxes paid, and that such lien be foreclosed.

Defendant answered, admitting the execution of the treasurer's deed, and denying the legality of the taxes, and that the plaintiff has paid any legal or valid taxes on the real estate, or that any such taxes were legally or lawfully assessed by the taxing authorities of the city of Plattsmouth, or the county of Cass, for the year 1870. Denying the authority of the treasurer to advertise and sell the land, and alleging that the sale was wholly invalid, and that the deed issued thereon was void. It is further alleged that, at the January term, 1880, of the supreme court of this state, an action was then pending, wherein one Henry Boeck was plaintiff, and Selden N. Merriam defendant, said case being upon appeal from the district court of Cass county, and that the final decision thereof upon the identical questions involved in this case was adverse to Merriam. The judgment was pleaded as an adjudication of the questions involved in this case.

The reply of plaintiff alleges that defendant purchased the property in controversy from Henry Boeck, and as such purchaser had full notice of the pendency of the action of Boeck against Merriam, wherein Boeck sought to have the deed set aside and annulled, and that defendant, being the assignee of Boeck, is in his place and stead, and is bound by the decision in that case. Plaintiff therefore

also pleads the judgment in that case in bar of defendant's recovery in this case.

A trial was had to the district court, which resulted in finding that plaintiff's tax deed was void, but that he was entitled to a lien upon the property for the taxes paid, with interest amounting to $251.22. A decree was accordingly rendered.

Plaintiff brings the case into this court for review by proceedings in error. Defendant files cross-petition in error, and upon the issues thus formed the case is submitted.

The first question which we deem it proper to notice is that of the adjudication in the case of Boeck against Merriam. We find in the record the petition and answer in said cause, the mandate from the supreme court, and a certified copy of the records of the supreme court, by which it appears that the judgment of the district court was reversed and the cause remanded, with instructions to the district court to permit plaintiff to amend his petition, if he so, elected, within thirty days, upon the payment of all costs to that date, and upon paying or offering to pay the taxes and interest justly chargeable against the real estate in question, and upon failure to comply with these conditions that the action be dismissed at his costs. It appears that that action was instituted in the district court by Boeck, for the purpose of removing a cloud from his title, caused by the tax deed herein mentioned, but that he did not offer or propose to pay the taxes chargeable against the property. The decision of the district court having been in his favor, the judgment was reversed and the cause remanded under the instructions named.

The record before us fails to show any final disposition of the cause. Whether or not Boeck filed the amended petition, or whether there was ever any judgment rendered in the cause, we have no means of knowing from the record. It is true it is said in the briefs that the amended

petition was not filed, nor was the cause docketed in the district court on being remanded, but it is evident from the record that the plaintiff in that case had the option either to amend his petition in the manner indicated, and thereby be entitled to a decree, or in case of his failure to do so the action would be dismissed without prejudice. There was no adjudication upon the merits, and the decree was not intended as, and is not, a bar. It does not preclude the defendants from setting up their defense.

It is contended that the court erred in excluding the tax deed offered in evidence by plaintiff, upon the ground that this deed did confer a title of some kind, whether good or defective. It is not contended, nor could it be under the prior decisions of this court, that the deed was valid, but it must be conceded that it was void upon its face. Upon this deed being presented, the court very properly found that plaintiff's title had failed, and the only question then for consideration was as to whether he was entitled to a lien for the taxes paid. This being true, there was no error in excluding the deed, or if there were, it was wholly without prejudice. There was, therefore, no error of which plaintiff in error can complain.

Our attention must next be directed to the complaint of defendant in error, as presented by his cross-petition. It is insisted that as the record shows no assessor's oath attached to the assessment roll for 1870, that the court erred in including in its decree the city taxes for that year. The record contains the oaths of the precinct assessors for 1870, but not that of the city assessor. The city taxes for that year were $44.18.

In *Otoe County v. Mathews*, 18 Neb., 466, it was held that where an action in equity is brought to foreclose a tax lien, the court will look to the statute and not to the assessment as the foundation of such lien; and will regard no defense or objection which goes only to the manner of assessing or levying such taxes, of advertising or conduct-

ing the sale, or the qualification of any officer or person performing any act or duty in respect to such assessing, levying, or sale.

This we think is a correct statement of the law.   As a matter of justice, all property not exempt for cause should bear its just proportion of the public burdens.   Therefore, where an assessment has in fact been substantially fair, the mere omission of some formal act by an officer will not be sufficient cause to relieve the property from liability for its fair proportion of taxes.   This objection, therefore, is overruled.

It is next contended by defendant in error that the taxes upon the property in question were paid by the then owner. Mr. Marquett was a witness, and testified upon that branch of the case.   From this testimony it appears that, prior to the levy, perhaps, he made contracts with the city of Plattsmouth, and with the county of Cass, by their proper officers, to take charge of certain legal business for them, without compensation, further than that his taxes should be paid.   There is no doubt but that he earned much more than the taxes upon his property by the services rendered by him, but the proof fails to show that the contracts were carried out by the county or city, or that these taxes were receipted for or marked upon the treasurer's books as paid. We think there was no error in the holding of the district court, that the taxes were in fact unpaid.   There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.