### In re EAST AVENUE BAPTIST CHURCH.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

TAXATION—ASSESSMENT AND LEVY—CURATIVE ACTS.

Where tax proceedings are otherwise valid, the failure of the assessors to make and attach to the rolls the affidavit required by law is an irregularity which may be cured by a subsequent act.

Appeal from special term, Westchester county.

Application by the East Avenue Baptist Church of Long Island City for an order directing the city treasurer to cancel water rates and rents. From an order granting the application the treasurer appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* for appellant. *J. Ralph Burnett,* for respondent.

BARNARD, P. J. The facts in this case are identical with the facts presented in *Re Lamb,* 4 N. Y. Supp. 858. Under that case, and the case of *People* v. *Bleckwenn,* 7 N. Y. Supp. 914, the order on this appeal should be reversed, with costs and disbursements, and the application denied, with costs. All concur.

---

### In re BYRNES.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

Appeal from special term, Westchester county.

Application by William T. Byrnes for an order directing the city treasurer to cancel water rates and rents. The application was granted and the treasurer appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* for appellant. *F. E. Blackwell,* for respondent.

BARNARD, P. J. This case also falls within the decision of the above case, (*In re East Ave. Baptist Church, ubi supra,*) and the judgment should be reversed, and a new trial granted, costs to abide event, for the same reason. All concur.

---

### In re UNDERHILL.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION OF ACTIONS.

The existence of a paper in the handwriting of an administrator, purporting to charge himself, as administrator, with the dividends on certain corporate stock, which had been transferred to him by deceased in his life-time, the purpose for which the paper was made not appearing, is not sufficient, as against the oath of the administrator, to charge him with holding the stock as trustee for deceased, so as to remove the bar of the statute to a claimant's right to an accounting by the administrator.

Appeal from surrogate's court, Westchester county.

Petition by Elizabeth R. Guion to compel Philip R. Underhill to render his accounts as administrator with the will annexed of Isaac Underhill, deceased. From an order dismissing her application petitioner appeals. For former report, see 9 N. Y. Supp. 455.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Alex. Thain,* for appellant. *Townsend, Dyett & Einstein,* for respondent.

BARNARD, P. J. Elizabeth R. Underhill died before the year 1860, leaving a last will. She gave to her husband $8,000, and all her Manhattan Company stock. She had 263 shares, value of $24,000. By her will she appointed her husband, Isaac Underhill, and her son, Philip R. Underhill, as executors. Isaac Underhill in August, 1860, transferred this stock to his son through Carlisle Norwood, president. When Isaac Underhill died, Philip R. Underhill was appointed, in March, 1861, administrator with the will annexed. No inventory was ever filed by him of his father's estate. The petitioner, Mrs.