## CHARLES CORBET v. TOWN OF ROCKSBURY.[1]

### April 7, 1905.

### Nos. 14,144—(204).

**Real Estate Taxes.**

Statutory provisions concerning the various official acts which result in the production of a tax to be collected are directory, and not mandatory.

**Errors in List.**

Mere official errors or omissions appearing in an assessor's list of taxable real estate, however obvious, do not necessarily invalidate that list.

**Evidence of Assessed Valuation.**

In this case *held*, that an assessor's list of taxable real estate within a given township is admissible in evidence to show assessed valuation of land therein, although the name of that township may be incorrectly stated in some places, and misstated in others; and although such list includes lands not within that town, and omits other lands comprised within its territory; and although interlineations to make it conform to action of boards of equalization appear therein; and although its jurat, signed by the assessor, be not signed and sealed by the county auditor—when lands within its legal limits are correctly described by government subdivisions, and the townships are correctly named in places, so as to render its territory susceptible of easy ascertainment by reference thereto in connection with the minutes of the board of county commissioners organizing it and changing its territory.

[1] Reported in 103 N. W. 11.

**Township Bond.**

> A bond, in the hands of a bona fide purchaser for value, issued by a township under a statute prescribing a public record as determinative of the amount of authorized issue, which on its face exceeds the limit of the entire issue proper under such record produced, is void as to such excess notwithstanding recitals therein of compliance with all legal requirements and the payment of instalments of interest thereon.

Action in the district court for Red Lake county to recover from defendant $600 and interest upon twelve interest coupon notes attached to three bonds issued by defendant. The case was tried before Watts, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to recover $144.16 and interest. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*A. A. Miller* and *Burke Corbet,* for appellant.

*Martin O'Brien, H. Steenerson,* and *Charles Loring,* for respondent.

JAGGARD, J.

Pursuant to chapter 135, p. 277, Sp. Laws 1883, the town of Rocksbury, of Polk county, Minnesota, issued on August 8, 1883, certain bonds, which certified and recited that

> All acts, conditions and things required to be done precedent to and in issuing of said bonds have been properly done, happened and performed, in regular and due form as required by law.

These bonds are in the sum of $500 each, payable on August 8, 1903, together with interest thereon at the rate of ten per cent. per annum, payable annually. The principal and four years' interest coupons are unpaid. Plaintiff and appellant is the bona fide purchaser in due course of business, for a valuable consideration, before maturity, of three of these bonds, and has received payment of a number of interest instalments. He brought this action for four years' unpaid interest. The defendant and respondent township set up the defense that without authority in law its authorities had issued these bonds in excess of ten per cent. of the assessed valuation of the territory of the township as it existed at the time the bonds were issued, and that they were therefore void as to the excess. Upon the evidence introduced the court found that the issue of bonds was in excess of

the lawful limit of ten per cent., held the bonds in suit invalid as to such excess, and ordered judgment for that portion of interest accrued which corresponded to the amount of principal and interest for which the bonds might lawfully have been issued, in accordance with the defendant's contention. From a judgment on this order, plaintiff duly appealed.

1. The first of the two questions on which the decision of this case rests, as both counsel agree, is this: Was the assessment roll of the town of Rocksbury, offered by the defendant to show its assessed valuation, properly received in evidence by the court, or should the objections of the plaintiff thereto have been sustained? The grounds of objection were clearly and sufficiently stated by counsel for the plaintiff, namely, that the assessment roll showed on its face that it was not the assessment roll of the township of Rocksbury, and that it was not the legal assessment roll of any town whatever. The question thus presented involves many difficulties, and is not susceptible of an entirely satisfactory answer.

In this state the proceedings to collect taxes are judicial in character. In consequence, most errors or omissions, informalities and imperfections, in performance of official duty, do not invalidate taxing records, nor destroy the right to collect the tax, unless they result in demonstrated and substantial prejudice. It is elementary that the statutory provisions with reference to the steps which produce a tax are, in general, directory, not mandatory.

The assessment roll in this case would have been sufficient in law against an objection to the enforcement of the tax on the ground that no assessment had been levied. The records of the board of county commissioners, which were introduced, sufficiently show that the town of Rocksbury consisted of township 153, range 43, and of township 154, range 44. The misnomer of Rockstad township instead of Rocksbury township, appearing on the cover, would not have been material, inasmuch as on the same cover there also appeared these two townships by number of township and range, although other townships also appeared.

The error in the direction to the assessors, referring to the town of Blaine, or the heading on the first page of the tabular statement referring to the town of Blaine, or in the return as of town of Rock-

stad, would not render the list invalid because of the correct naming of the township of Rocksbury on two other pages, and because of correspondence between the land described in the columns of these three pages, and the territory comprised in Rocksbury township as the same appears in the duly admitted records of the board of county commissioners.

The interlineations in the column entitled "Value of Land Exclusive of Structures and Other Improvements" correspond to the alterations made by the equalizing board, under G. S. 1894, §§ 1554–1556, would not invalidate. Alike in states collecting taxes by judicial proceeding, and even in states collecting taxes by summary proceedings, the failure of the auditor to sign the jurat under the signature of the assessor to the assessment list is by the weight of authority held not to avoid that record. Frost v. Flick, 1 Dak. 131, 46 N. W. 508; Farrington v. New England, 1 N. D. 102, 45 N. W. 191; Avant v. Flynn, 2 S. D. 153, 49 N. W. 15 (a leading case, discussing the Wisconsin authority cited post); Wood v. Helmer, 10 Neb. 65, 4 N. W. 968; South Platte v. City, 11 Neb. 344, 7 N. W. 859; McClure v. Warner, 16 Neb. 447, 20 N. W. 387; Merriam v. Dovey, 25 Neb. 618, 41 N. W. 550; Twinting v. Finlay, 55 Neb. 152, 75 N. W. 548; Spiech v. Tierney, 56 Neb. 514, 76 N. W. 1090; Moore v. Turner, 43 Ark. 243; Equalization Board v. Landowners, 51 Ark. 516, 11 S. W. 822; Stell v. Watson (Ark.) 11 S. W. 822; Challiss v. Board, 15 Kan. 49; Duggan v. McCullough, 27 Colo. Sup. 43, 59 Pac. 743 (under construction of statute). And see Dayton v. Board, 33 Ore. 131, 50 Pac. 1009.

The Wisconsin cases, considered as a whole, are not inconsistent with this rule. Avant v. Flynn, supra. See Scheiber v. Kaehler, 49 Wis. 291, 5 N. W. 817; Marsh v. Board, 42 Wis. 502; Power v. Kindschi, 58 Wis. 539, 17 N. W. 689; Fifield v. Marinette, 62 Wis. 532, 22 N. W. 710; Wisconsin v. Lincoln, 67 Wis. 478, 30 N. W. 619. But see contra, Pike v. Martindale, 91 Mo. 268, 1 S. W. 858; State v. Cook, 82 Mo. 185; State v. Phillips, 102 Mo. 664, 15 S. W. 319; Burke v. Brown, 148 Mo. 309, 49 S. W. 1023. And see Thompson v. City of Detroit, 114 Mich. 502, 72 N. W. 320.

That there existed an assessment roll, valid in law, showing the valuation of land in the town of Rocksbury, may not alone be sufficient to constitute notice of the valuation of assessable property within

that town. It is, however, exceedingly significant. That significance is not destroyed by the fact that the assessment list does not affirmatively show that all lands in township 154, range 44, were assessed, nor by the fact that it includes also other lands not in the township of Rocksbury. The omission of land may have been necessary because of exemptions, or for other reasons. The law will not presume official error. The inclusion of other lands would help, and not hurt, the plaintiff, because it would increase the amount of assessed valuation. The assessment roll was shown to be the record of the county in which the defendant township was situated, and to be the only one for the territory comprised within the legal limits of that township.

Taking the assessment list as a whole, in the light of all facts, presumptions, and rules of statutory construction of law, we are of opinion that it was sufficient to give notice to an ordinarily prudent person proposing to purchase bonds under the circumstances of this case. Reasonably followed, inquiry would have easily resulted in knowledge of actual valuation. This was the proper book by the means of which to determine the valuation of the property, and therefrom the limitation of indebtedness. Johnston v. Board of Co. Commrs. of Becker County, 27 Minn. 64, 6 N. W. 411. Mathematical calculation from that list of each tract of land by township and range showed the assessment of respondent town, as equalized by the board, to be $3,605. This was the basis for taxation, and controls in this case. A bond issue of $360.50, and not more, would have been justified. Therefore each bond exceeded on its face the amount allowed by statute.

2. The second question upon which the decision of this case rests is this: Granting that the issue of the bonds in question was unauthorized, and in excess of ten per cent. of the valuation of defendant town, yet by reciting on the face of the bonds compliance with the legal requisites, and by paying the interest on said bonds for twelve years, is the defendant estopped from now repudiating its obligation in the hands of the present owner?

In Gunnison Co. Commrs. v. Rollins, 173 U. S. 255, 19 Sup. Ct. 390, Justice Harlan reviews the leading cases decided by the supreme court of the United States on this subject. From that opinion and the cases therein cited it appears, as counsel for the defendant has very

94 M.—26

clearly pointed out, that there are three classes of cases in this connection: (1) Those in which the bonds, issued where there is an entire lack of power in the municipality, are held invalid despite recitals of authority or payment of interest; (2) those in which bonds, issued under powers granted, but legally issuable only when certain prerequisite conditions like petition or election are complied with, may be validated; (3) those in which authority is given to municipalities to issue bonds to a limited percentage of its assessed valuation or otherwise. This third class of cases is further subdivided by the authorities into two classes, namely: (a) Cases where constitution or statute prescribe that designated public officials shall determine the question as to whether or not the bonds exceed the limit prescribed; and (b) cases wherein the authority for the issuance of the bonds designates the record which is to determine the question whether or not the issue of bonds exceeds the amount authorized.

The bonds here in controversy belong to this last subdivision. The act under which the bonds were issued expressly provided (section 1) that such bonds should not exceed

> Ten per centum of the taxable valuation of real estate in such town according to the assessment roll of the preceding year.

The certificate of the county auditor as to the sufficiency of assessable property was unauthorized, and has no legal effect on the questions here determined. Croswell v. Benton, 54 Minn. 264, 55 N. W. 1125; Daviess Co. v. Dickinson, 117 U. S. 657, 6 Sup. Ct. 897.

Inasmuch as this court has held that the assessment roll was properly received in evidence, and inasmuch as the face of each bond exceeded the total amount of bonds properly issuable, it follows that the bonds are void as to the excess above the limitation shown thereby. Board of Co. Commrs. v. Rollins, supra; Buchanan v. Litchfield, 102 U. S. 278, 289; Sutliff v. Lake County Commrs., 147 U. S. 230, 13 Sup. Ct. 318; City of Columbus v. Woonsocket, 114 Fed. 162, 52 C. C. A. 118; Schmitz v. Zeh, 91 Minn. 290, 97 N. W. 1049.

Judgment affirmed.