TOWN OF VALDEZ v. FISH.

(Third Division.  Valdez.  October. 17, 1911.)

No. 519.

1. MUNICIPAL CORPORATIONS (§ 12*)—CREATION—ORDER OF COURT—AMENDMENT.

The town of Valdez was created and its boundaries fixed by an order of the district court of Alaska on June 11, 1901.  An amendatory and supplementary order was made on November 22, 1904, nunc pro tunc, as of June 11, 1901, upon petition of the town of Valdez, to correct an error in the boundary description in the original order.  The property of the defendant is within the boundary lines of the last order, but was not included in the first.  Upon a suit to foreclose a lien for delinquent and unpaid taxes upon this property in the name of the town, the defendant claims exemption for want of jurisdiction in the court to make and enter the order of November 22, 1904. *Held*, after such a lapse of time, during which this order has been acquiesced in and accorded full effect by all, to now set it aside upon a collateral attack would require its invalidity to be clearly established.  Nothing of this kind has been done.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 22–32;  Dec. Dig. § 12.*]

2. STATUTES (§ 167*)—CODIFICATION, AMENDMENT AND REPEAL.

Where a subsequent act of Congress codified and amended the law relating to the powers of incorporated towns in Alaska, with amendments, the former law upon the same subject is repealed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 242, 243;  Dec. Dig. § 167.*]

3. MUNICIPAL CORPORATIONS (§ 983*)—TAXATION—PENALTIES.

Where a former act of Congress, giving incorporated towns in Alaska power to levy a tax for municipal purposes, "and to impose a penalty for its nonpayment," was re-enacted in a codification, but omitted the power "to impose a penalty for its nonpayment," the town has no power in levying the tax to provide a penalty imposing a rate of interest upon delinquent and unpaid taxes other than that fixed by statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2144–2146;  Dec. Dig. § 983.*]

4. MUNICIPAL CORPORATIONS (§ 971*)—TAXATION.

The act of Congress creating incorporated towns in Alaska, and giving them power to levy municipal taxes, required that "all officers appointed by the council shall severally take an

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

oath," etc., "that notice shall be given of the meeting of the board of equalization," and "the filing of the list." Where the levy of a municipal tax is objected to upon a suit to foreclose a lien for nonpayment, because the record does not show that the assessor who levied the tax took the oath, and did the other required acts, *held*, that the tax levy is voidable only when it appears that the omissions and defects in the tax proceedings resulted in injustice to him, and he pays or offers to pay the amount which, under a just assessment, would be required of him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2075–2077; Dec. Dig. § 971.*]

5. MUNICIPAL CORPORATIONS (§ 978*)—EVIDENCE—TAXATION.

The defendant, who was sued to foreclose a lien for unpaid municipal taxes on his property in an incorporated town in Alaska, objected that no notice had been served upon him under the statute, which required that a notice of the filing of the tax list should be served "upon each person residing in the town whose property has been assessed," but did not offer any evidence that he had so resided in the town during the years in question. *Held*, he did not bring himself within the provision, since no notice was required to be served on nonresidents.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2104–2119; Dec. Dig. § 978.*]

This suit is brought by the town of Valdez, to foreclose a tax lien upon a certain lot, charged to be owned by the defendant and located within the boundaries of said town, for the unpaid taxes for the years 1904 to 1910, inclusive.

The complaint alleges the due assessment, equalizing and levy of a tax for each of these years, in accordance with the law and the ordinances of the town of Valdez, particularizing the various acts constituting the same; that the taxes were not paid but became delinquent, and the penalty of 10 per cent. was added thereto. The prayer, besides penalty, asks 12 per cent. interest, the foreclosure of said lien, and sale of the premises to satisfy the same. The defendant has made a general denial, except that he admits that he is the owner of the premises.

A large amount of documentary and other evidence was introduced by the plaintiff, consisting in part of the court orders establishing the town of Valdez and defining its boundaries,

the town ordinances regarding the assessment and collection of taxes, the assessment and tax rolls for the various years mentioned, published notices concerning the same, the minute book of the city council, and the testimony of its assessor, clerk, and treasurer. The defendant offered no evidence.

Section 3 of the act of Congress of March 2, 1903 (32 Stat. 944, c. 978), amendatory of section 201 of the Civil Code of Alaska, provides that:

"The council shall have the following powers: * * * By ordinance to provide for the assessment and levy of a general tax for municipal purposes on real property, possessory rights, and improvements, and to impose a penalty for its nonpayment; all such taxes shall be a preferred lien upon the property so taxed, which lien may be foreclosed and the property sold as provided by chapter 42, Code of Civil Procedure. * * * That no property tax herein provided for shall exceed 2% on the assessed valuation of the property; and all assessments made by the corporation assessor shall be uniform and shall be subject to review by the council, and appeals may be taken from their decision to the district court."

Thereafter, by section 4 of the act of April 28, 1904 (33 Stat. 529, c. 1778, p. 15 et seq.; volume 10, Fed. Stats. Annotated), relating to municipal corporations in the district of Alaska, it was provided:

"That the said council shall have and exercise the following powers: * * * To assess, levy, and collect a general tax for school and municipal purposes, not to exceed 2% of the assessed valuation, upon all real and personal property, and to declare the same a lien upon such property and to enforce collection of such lien by foreclosure. * * *

"Sec. 6. * * * The assessor appointed by the council shall once each year, at such time as the council may direct, duly list and assess all the taxable property of the town at its just and fair value. He shall file such list and assessment as soon as completed with the clerk of the town, and shall serve a notice of the filing of the same upon each person residing in the town whose property has been assessed. The council may review and revise the assessment, and may, upon proper evidence, conformable to justice, increase or diminish the same in individual cases, and when so revised and reviewed, and finally approved by the council, the same shall be deemed to be the true basis for the levy and assessment of taxes. * * * All officers appointed by the council shall, before entering upon the duties of their offices, severally take an oath, in writing, to honestly, faithfully, and impartially perform the duties of their offices, which oath shall be filed with the clerk of the town. * * *

"Sec. 8. That all acts or parts of acts inconsistent with this act are, to the extent of such inconsistency, hereby repealed; and the provisions of this act shall apply to and govern all municipal corporations heretofore created in the district of Alaska."

By section 255, pt. 5, Carter's Codes, p. 408, it is provided:.

"The rate of interest in the district shall be 8% per annum, and no more, on all moneys after the same becomes due."

By ordinance of the council of said town, passed in 1904, it was provided:

"That the assessor shall assess the taxable property between the first Monday in September, and the fourth Monday in September of each year, as of 12 o'clock on the first day of September; that on or before the fourth Monday in September the assessor shall complete his assessment books and take and subscribe thereto an affidavit that his assessment was a full, true and correct assessment of all the taxable property in the town of Valdez, to the best of his knowledge and belief, and deliver the assessment books to the council. Upon the receipt of these books the council must immediately give notice of the time of meeting of the board of equalization."

By section 7 of this ordinance it is provided that the council shall meet as a board of equalization on the second Monday in October of each year at 2 o'clock p. m., to continue in session from 2 o'clock of said day until 4 o'clock; that it should so sit for the same hours on the Tuesday next immediately following the second Monday in October and on the Thursday next following the third Monday in October, during the same hours. On the fourth Monday in October the council shall make the levy.

By section 15 of said ordinance every tax assessed and levied is made a preferred lien upon the property taxed, to be foreclosed as provided by chapter 42 of the Code of Civil Procedure in the district of Alaska. Provision is also made for the delivery of the roll to the treasurer on the first Monday in November, the treasurer thereafter to publish notice of the date of delinquency of taxes and of the adding of a penalty of 10 per cent. thereto, if not paid prior to delinquency.

By section 19, as amended in 1905, it is provided that on the first Monday in December of each year, at 6 o'clock p. m., all unpaid taxes are delinquent, and thereafter the town treasurer

must collect thereon for the use of the town, in addition thereto, a penalty of 10 per cent. and interest on said delinquent taxes at the rate of 12 per cent. per annum.

On or before the second Monday of December the town treasurer must publish the delinquent tax list.

J. P. Geraghty and E. E. Ritchie, of Valdez, for plaintiff.
Smith & Bunnell, for defendant.

CUSHMAN, District Judge. The defendant makes no contention that he has paid the taxes or that there has been any inequality or lack of uniformity in the assessment. He does not claim them to be excessive, save in the matter of the penalty and the interest imposed. He claims no exemption, save as hereinafter noted. He in part defends on account of irregularities to be hereinafter pointed out, which he contends are shown by plaintiff's evidence, and which he claims render void the tax. He does not claim to have been prejudiced in any material way by these alleged irregularities.

Evidence was introduced that the boundaries of the town of Valdez were fixed by an order of the district court made on June 11, 1901; that thereafter, by an order of said court made the 22d day of November, 1904, nunc pro tunc as of June 11, 1901, the first order was made to extend the boundaries; that this was done upon the petition of the town of Valdez, as the same appeared in the order of June 11th, praying for the correction of the boundaries of the town to conform with the true intention of the parties to said proceeding. The order recites that it was made upon a hearing, at which evidence was offered for and against the petition; that it appeared to the satisfaction of the court that by a mutual mistake of all the parties to said matter and the court making the original order, in transcribing the field notes of the survey of the tract of land intended to be included within the boundaries of the town, an erroneous description of the boundaries appeared in said order; that the inhabitants within the extended boundary had at all times believed themselves to be included within the boundaries of the town, and had in good faith acted upon such

belief and maintained a municipal corporation in the town of Valdez.

Defendant's lot lies within the boundaries fixed by the amended order. The defendant contends that the amended order is without effect, and that his property is exempt from any town tax, but he has failed to point out wherein the order is unauthorized.

After such a lapse of time, during which this order has been acquiesced in and accorded full effect by all, to now set it aside upon a collateral attack would require its invalidity to be clearly established. Nothing of this kind has been done.

Plaintiff contends that it should be upheld in the imposition of the 10 per cent. penalty and 12 per cent. interest charged upon the delinquent tax on the ground of necessity, claiming that, without these added incentives, the taxes will not be promptly paid, and the town and its officers will be greatly embarrassed. These are arguments that must be addressed to Congress and not to the court. It is further contended that the provision authorizing the council to impose a penalty for nonpayment of taxes contained in the act of 1903 is still in force.

An examination of the act of March 2, 1903, and that of April 28, 1904, above quoted in part, will show that the latter was intended by Congress to cover the same ground as the former, so far at least as defining the power of the town council is concerned.

Subsection 1 of the paragraph of each act in question provides for the composition and rules of the town council; subsection 2 of each provides for the officers to be appointed by the council; subsection 3 of each provides for town elections; subsection 4 of each provides for the maintenance of streets, alleys, etc.; subsection 6 of the latter and 5 of the former provide for fire protection, town water, lights, etc.; subsection 7 of the latter and 6 of the former provide for the levy and collection of a poll tax; subsection 8 of the latter and 7 of the former provide for dog tax. This brings us to the section in question. Subsection 9 of the latter act provides for the levy and collection of a general tax for school and munic-

ipal purposes on real and personal property.  Subsections 8 and 9 of the former make such provision for a tax for municipal purposes.

The act of 1903 empowers the council—

"to provide for the assessment and levy of a general tax for municipal purposes  *  *  *  and to impose a penalty for its nonpayment," etc.

The act of 1904 empowers the council—

"to assess, levy, and collect a general tax for school and municipal purposes, not to exceed 2% of the assessed valuation."

In the latter act the power to impose a penalty is omitted. It is clear that the latter act repeals the former in this particular, and that there is now no statutory authority to impose a penalty of 10 per cent. for nonpayment of taxes or interest in excess of the statutory rate allowed on all money after the same becomes due by section 255, Carter's Codes, supra. Without statutory authority, such impositions are illegal and void.  37 Cyc. p. 1290, § 5, and cases cited, and page 1254, § B, and cases cited.

The evidence showed that one Charles Hand had been appointed by the council to serve as assessor for all save one of the years named.  His oath as assessor for the year 1910 was introduced, but could not be found among the records for former years.  The assessment and tax rolls for the years 1904 to 1910 were kept in one book.  This book was introduced in evidence.  There was not written into it any of the oaths required by the council of the assessor and clerk of the board of equalization.  A number of those oaths, on loose sheets of paper, were found between the leaves of the book, and one or two were pasted in the book.  The witness Hand testified that his recollection was that he had made each year the oaths provided for by statute and ordinance; that the book in which the assessment and tax rolls were contained was handled a great deal by the different town officers, persons taxed, and others, and that, by reason of this, the oaths could easily have been lost.  Defendant contends that the lack of the statutory oath by the assessor and the record of it renders void the tax.

4 A.R.—28

It will be noted by section 6 of the act of Congress, quoted above, that this is the general oath required of all appointed town officers:

"All officers appointed by the council shall * * * severally take an oath," etc.

The evidence showed that Charles Hand was de facto assessor at all times in question. As the same oath only is required of him as the other officers, no reason is apparent why his act should be less binding than that of other de facto officers. 37 Cyc. p. 979, § C, and cases cited. The want of a record of the assessor's oath required by the ordinance to be made to the assessment roll is also relied upon by defendant as invalidating the tax.

The power is given the council by statute to "assess, levy and collect a tax." It appears doubtful whether the council can add to the statute other requirements of its officers, failing in which the tax levy will be rendered void, especially where the defendant does not claim or show that the failure resulted to his injury. The court is of opinion that this and other requirements, for which provision is made in the ordinance, is primarily for the protection of the town and to insure the efficient, orderly dispatch of public business and not in any way for the advantage of the individual taxpayer. This would clearly appear to be the reasoning of the later cases, even where such a statutory requirement is in question. 37 Cyc., and cases cited, note 67, p. 1062.

"In such a case in a court of chancery, the assessment and the tax levy are voidable only on condition that the party complaining shows that the omissions and defects in the tax proceedings have resulted in injustice to him and pays or offers to pay the amount which, under a just assessment, would be required of him." Farrington v. New England Inv. Co., 1 N. D. 102, 45 N. W. 191; Wisconsin Cent. R. R. Co. v. Lincoln Co., 67 Wis. 478, 30 N. W. 619; Fifield v. Marinette County, 62 Wis. 532, 22 N. W. 705.

See, also, 37 Cyc. p. 1085, § 2, and page 1086, footnote 50, and cases cited.

The records introduced fail to show a notice published of the meetings of the board of equalization for certain years as

required by ordinance. The minutes of the council show that the town clerk was instructed to publish such notice in each of the years in question, except 1907 and 1908. The evidence showed that the office of the newspaper in which notices were published by the town authorities had been burned, with its contents and files, subsequent to 1908.

The ordinance itself fixed the time of meeting of the board of equalization. Under that ordinance it could not be varied or shortened or extended. The council must sit as a board of equalization from 2 to 4 o'clock p. m. on the second Monday and following Tuesday and the Thursday following the third Monday in October of each year. For this and the reasons before given, it is concluded that the notice required by ordinance was given, and that a failure to give it, where no claim is made of an excessive assessment or want of equality or uniformity in the assessment, would not avoid the tax. 37 Cyc. pp. 1082, 1083, footnote 14, and cases cited.

There was no record evidence of the assessor ever giving a notice of the filing of the assessment list required by section 6 of the act of 1904. The only evidence on this matter was that of the assessor Hand, who, upon cross-examination by the defendant's counsel, testified that he had not given such a personal notice to those whose property was assessed; that the published notice of the filing of the assessment list with the town clerk contained in each notice of the meeting of the board of equalization was the only one given. There is no provision of the law in Alaska authorizing a reassessment of property which has escaped taxation, and the assessor is not required to give a bond to protect the town. It appears questionable whether an assessor can thus impeach his own assessment return.

There is much in the rule of the civil law that no one shall be allowed to allege his own shame to commend itself, a rule at one time held in England and this country to be a part of the common law, although afterwards receded from and now being by statute adopted in a number of the states. Wigmore on Evidence, §§ 530, 631, and citations; 37 Cyc. p. 1071, § B, footnotes 27 and 28, and cases cited. It is not, however,

necessary in this case to determine what, if any, weight is to be accorded such evidence.

The statute provides:

"He (the assessor) shall file such list and assessment as soon as completed with the clerk of the town and shall serve a notice of the filing of the same upon each person residing in the town whose property has been assessed."

The defendant did not bring himself within this provision. There was no evidence that defendant resided within the town of Valdez during the years in question.

Judgment and decree will be for the plaintiff as prayed, excluding the 10 per cent. imposed as a penalty, and allowing only 8 per cent. interest from the date of delinquency.