## BOARD OF COM'RS OF GARFIELD COUNTY et al. v. FIELD et al.

No. 6212—Opinion Filed May 9, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 733.)

(Syllabus by the Court.)

**1. Taxation—Assessment—Injunction.**

One D. had been appointed assessor of the city of Enid and his appointment confirmed. D. thereafter appointed J. deputy assessor, who procured from certain property owners of the city lists of their taxable property, which lists were signed by the owners and delivered to said J., who administered the proper oath to the persons listing said property and returned said lists, which were duly filed. Held, that assessments made in the manner stated did not render the tax proceedings void so as to entitle the property owner to relief therefrom by injunction.

**2. Evidence—Presumption—Public Officers.**

Until the contrary is made to appear the law presumes that public officers have discharged the duties which are imposed upon them by law.

**3. Taxation—Assessment—Affidavit.**

The requirement that the assessor make and attach to the assessment roll an affidavit as set out in section 7326, Rev. Laws 1910, is directory, and the failure of the assessor to attach said oath to the assessment roll is an irregularity that will not render the tax illegal in an injunction proceeding.

**4. Taxation—Assessment or Equalization—Appeal.**

Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to.

Error from District Court, Garfield County; James W. Steen, Judge.

Action for injunction by R. A. Field and others against the Board of County Commissioners of Garfield county, Okla., and Ed B. Weatherly, as County Treasurer. Judgment for plaintiffs, and defendants bring error. Reversed, and cause dismissed.

W. W. Sutton, Co. Atty., and H. Blasdel, Asst. Co. Atty., for plaintiffs in error.

E. E. Blake and W. O. Cromwell, for defendants in error.

HARDY, J. From a judgment of the district court of Garfield county enjoining the collection of certain taxes assessed against properties of plaintiffs for the year 1911, defendants prosecute this appeal.

The trial court found that no assessment or valuation of the property described in plaintiffs' petition was made for the year 1911, for the purposes of taxation, and that no assessment roll was made and authenticated for said year, including said properties, and that the pretended tax was in excess of the fair cash value of the properties owned and possessed by plaintiffs, estimated at the price it would bring at a voluntary sale in the name of the owner on the 1st day of March, 1911; and further found that no rate of taxation to be charged and extended against said plaintiffs on account of their ownership of said properties was ascertained and certified by the authorities, as required by law. The judgment is challenged on the ground that the court had no jurisdiction of said action; that said judgment is not sustained by sufficient evidence and is contrary to law; and that plaintiffs had a plain and adequate remedy at law.

The plaintiffs, who are the defendants in error, say that there is no question of equalization, and no question of valuation or of abatement or reduction of assessments in this case; the question urged by them being:

"Does the court in this state have jurisdiction to determine when a tax charge is legal, and can it prevent the clouding of title by stopping void proceedings?"

And throughout their brief the judgment of the trial court is upheld on the ground that there was no assessment of plaintiffs' properties, and no rate of taxation ascertained and certified, and therefore that the entire proceedings were void and the taxing officials without jurisdiction in the premises.

The procedure in force at the time these various steps were taken (section 7366, Rev. Laws 1910) provided that after property had been assessed the township board of equalization should meet on the third Monday of April of each year to examine the assessment rolls and to hear complaints of all persons aggrieved by their assessments, and to correct, equalize, and adjust said assessments by increasing or decreasing individual assessments or the aggregate assessments of any city, town, or township; and from the action of which board an appeal might be taken to the board of county commissioners, and from the decision of the county commissioners an appeal might be taken to the county court of the county in which the property was located. And section 7370 is as follows:

"The proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable

property within the   tax district of which complaint is made."

This was the law in force at the time, and in a number of decisions it has been held that where a remedy is provided by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to. Williams, Co. Clk., v. Garfield Ex. Bank, 38 Okla. 539, 134 Pac. 863; Carrico et al. v. Crocker et al., 38 Okla. 440, 133 Pac. 181; Hopper et al. v. Oklahoma County, 43 Okla. 288, 143 Pac. 4, L. R. A. 1915B, 875; Thompson et al. v. Brady et al., 42 Okla. 807, 143 Pac. 6; Board of Com'rs v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119. This proposition is not controverted, but it is said when the court found that no assessment or valuation of the plaintiffs' property was made for the purposes of taxation for the fiscal year 1911, and no rate of taxation was ascertained and certified by the authorities as required by law, the statutes relied upon could have no application for the reason that the entire proceedings were without jurisdiction; and, the board of equalization being without jurisdiction, an appeal would not lie from any action of theirs in the premises.

The evidence discloses that one Charles Dangerfield was appointed assessor of the city of Enid on the 31st day of December, 1909, that his appointment was confirmed by the city commissioners, and that he thereafter appointed one J. S. Jacobs as deputy assessor. By agreement of the parties hereto a single assessment list covering the properties of one of the plaintiffs was offered in evidence as an example of the manner in which the properties of the various plaintiffs had been assessed. The list in question shows that the agent of the owner had listed said property with the deputy assessor and made the affidavit thereto before said deputy, and the jurat or oath to be administered by the assessor was signed by said deputy with the letters "J. S. J.," being the initials of said Jacobs. This being introduced as an example of the manner in which lists were taken and returned, we assume that the lists embracing the property of all the plaintiffs were executed in like manner, and returned by said assessor. The validity of assessments taken in this manner by a deputy city assessor was challenged in the case of Board of County Commissioners v. Tinklepaugh et al., supra, where it was held that such assessments could not be questioned in an injunction preceeding, as plaintiffs seek to do here. The property owners having listed their property with said Jacobs, who returned such lists to the proper officers to be filed, cannot in this proceeding challenge the validity thereof. It was their duty to list all property owned by them, and after said lists have been made out and filed.

to present any objections or complaints they may have had at the earliest opportunity, and thereby prevent a disarrangement of the fiscal affairs of the county and its subdivisions and avoid the confusion that is necessarily incident to proceedings of this character.

The court found that no assessment roll was made and authenticated for said year including the said plaintiffs and their properties involved in this litigation. It appears incidentally from the testimony that an assessment roll was in fact made out, but whether it was authenticated by the assessor as required by section 7326, Rev. Laws 1910, does not appear; and in the absence of a showing that such was not done, we will presume that the assessor performed the duties in this regard enjoined upon him by law. Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431; Southwestern Surety Ins. Co. v. Davis, 53 Okla. 332, 156 Pac. 213; Moore v. Turner, 43 Ark. 242.

And if in fact the affidavit required by said section was not attached to the assessment roll, the failure of the assessor to make said affidavit and attach it would not render the tax illegal nor entitle the plaintiffs to any relief in this proceeding. The requirement in this regard is directory, and a failure upon the part of the assessor to attach said oath to the assessment roll is an irregularity merely, and will not defeat the tax in a collateral proceeding. Prairie Oil & Gas Co. v. Cruce, 45 Okla. 774, 147 Pac. 152; In re East Avenue Bap. Church, 57 Hun, 590, 11 N. Y. Supp. 113; Moore v. Turner, supra; Merriam v. Dovey, 25 Neb. 618, 41 N. W. 550; Twinting v. Finlay, 55 Neb. 152, 75 N. W. 548; Avant et al. v. Flynn, 2 S. D. 153, 49 N. W. 15; Wisconsin Cent. Ry. Co. v. Lincoln Co., 67 Wis. 478, 30 N. W. 619; Chestnut v. Elliott, 61, Miss. 569; Odiorne v. Rand, 59 N. H. 504; Fifield v. Marinette Co., 62 Wis. 532, 22 N. W. 705; Oregon R. & N. Co. v Umatilla Co., 47 Or. 198, 81 Pac. 352; Wallapai Min. & Dev. Co. v. Territory, 9 Ariz. 376, 84 Pac. 85; Kansas Mut. L. Ass'n v. Hill, 51 Kan. 636, 33 Pac. 300.

The board of education for the city of Enid duly made out a statement of the financial condition of said school district and an estimate of the amount necessary for the current expenses of said district for the fiscal year beginning July 1, 1911, which estimate was submitted to the excise board and duly approved. The board of county commissioners likewise made out a statement of the financial condition of Garfield county, together with an estimate of the needs thereof for said fiscal year, which estimate was duly filed. The county clerk in due form certified to the state board of equalization the assessed value of all taxable property in Garfield

county as fixed by the county board of equalization; and thereafter the state board of equalization having performed its duties, the state auditor certified a true and correct statement of all property assessed for taxation in Garfield county as fixed by the state board of equalization, to the county clerk of Garfield county. The rate of taxation to be levied for state purposes was duly ascertained and certified by the proper authorities. It is contended, however, that no rate of taxation for county purposes and for other municipal subdivisions of the county was ascertained and certified by the proper authorities. The evidence upon this point is that the statement of the financial condition and an estimate of the needs of said county were prepared by the board of county commissioners, and that no further steps were taken by said board of county commissioners. Section 7380, Revised Laws 1910, requires the excise board to meet at the county seat on the last Saturday of July of each year for the purpose of examining the various estimates submitted to it, and requires that the meeting shall be public and a record kept of their proceedings. The board is given power to revise and correct estimates certified to them where the amount thereof is in excess of the just and reasonable needs of the municipality for which same is made; and when they have approved each estimate and have ascertained the assessed valuation of property taxed ad valorem in the county and its municipal subdivisions, and the probable income of the county and each municipal subdivision from all sources, they are directed to levy taxes for the county and its municipal subdivisions, and certify same to the county clerk. There is no evidence that this was not done, and the presumption obtains that all the steps necessary to create a valid levy were taken and such duties performed by said board as were imposed upon them by law. Southern Surety Co. v. Waits, supra; Southwestern Surety Ins. Co. v. Davis, supra; Moore v. Turner, supra.

The property having been listed in the first instance and an assessment roll having been made, and the various steps required by law to be taken having been done and performed, it follows that the proceedings are not illegal, and that the tax levy must be sustained. No complaint being made as to the inequality in assessments or valuation by plaintiffs in their brief, but the case being rested upon the proposition that no assessment had been made and no rate of taxation fixed, the judgment of the trial court enjoining the collection of said taxes was wrong.

Did any question exist as to the equalization of the assessments or values, the remedy of the plaintiffs would have been to appear before the township board of equalization, where they had a most ample opportunity to be heard in their behalf, and if they were dissatisfied with its action, then they had an appeal to the board of county commissioners, and had they been aggrieved by the action of said board, they might then have appealed to the county court. Carrico et al. v. Crocker et al., supra; Board of Com'rs v. Tinklepaugh, supra.

The judgment is reversed, and the cause dismissed.

All the Justices concur, except Justice THACKER, absent.